**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 22-cr-200** |
| **v.** | : | |
| | : | |
| **PETER K. NAVARRO,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**MOTION FOR PROTECTIVE ORDER**
**AND TO DISCLOSE GRAND JURY TESTIMONY**

To expedite discovery, which the government is prepared to produce as soon as a protective order is in place, the United States of America hereby respectfully moves the Court for the entry of the attached proposed protective order governing the production of discovery by the parties in the above-captioned case and for an order permitting the disclosure to the Defendant of testimony before the grand jury obtained in the investigation that led to the pending case.

## I. Background

On June 2, 2022, a grand jury sitting in the District of Columbia returned an indictment charging the Defendant with two counts of contempt of Congress, in violation of 2 U.S.C. § 192. The charges arise from the Defendant's refusal to comply with a subpoena issued to him by the U.S. House Select Committee to Investigate the January 6th Attack on the United States Capitol ("the Committee").

The Defendant was arrested and made his initial appearance on June 3, 2022. During the hearing, the Defendant stated that he was likely to proceed pro se in this matter. *E.g.*, 6/3/22 Hrg., Tr. at 18:6-9. In addition, when the issue of the Government's proposed protective order and discovery was addressed, the Defendant stated, "I would ask for them to provide this immediately

in the case, in the high probability that I'll do this pro se. So I want to see what they have now." *Id*. at 51:8-11.

Immediately after his initial appearance, in front of the courthouse doors, the Defendant voluntarily made an almost 18-minute extrajudicial statement about the pending criminal case. In his statement, the Defendant accused the Government of misconduct, claimed he was the victim of selective prosecution, and claimed the prosecution was what one would see in "Stalinist Russia." *Peter Navarro, former Trump aide, speaks after Jan. 6 indictment*, LiveNow from FOX, Jun. 3, 2022.[1] The Defendant also discussed the merits of various legal arguments related to the pending charges, including disputing the legal legitimacy of the Committee and its investigation, calling it a "kangaroo committee."[2] *Id*.

On June 6, 2022, the Defendant appeared on Fox News's primetime television show, "Tucker Carlson Tonight," and again made several extrajudicial statements relating to the pending charges in this case. *See Peter Navarro joins Tucker Carlson following FBI arrest over January 6 committee subpoena*, Fox News, June 6, 2022.[3] As he did in his post-court statements, the Defendant accused the Government of misconduct, claiming it used a "terrorist strategy" to arrest him. *Id*. He also made claims about the legal merits of his decision to defy the Committee's subpoena, the legal authority of the Committee, and again called the Committee a "kangaroo committee." *Id*.

[1] Available at https://www.youtube.com/watch?v=bBLYunKH1-I (last accessed June 8, 2022).

[2] The Defendant also claimed that he would not discuss the case, despite his statements relating to the case.

[3] Available at https://www.youtube.com/watch?v=SjL6mS5IU9o (last accessed June 8, 2022).

## II. Motion for Protective Order

The Government is prepared to produce discovery to the Defendant. The discovery consists of less than 100 documents falling into approximately six categories of information: 1) grand jury material, 2) law enforcement reports of witness interviews, 3) correspondence between the defendant and others, 4) law enforcement database information relating to the Defendant, 5) subscriber information for the Defendant's phone and email accounts; and 6) telephone toll records. The Defendant's extrajudicial statements, however, demonstrate a substantial risk that, without a protective order, the Defendant will use non-public discovery for improper purposes instead of to prepare the defense he plans to present before this Court.

"[A] 'trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.'" *United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015) (quoting *Alderman v. United States*, 394 U.S. 165, 185 (1969)); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 31-34 (1984) (noting that discovery rules are a matter of "legislative grace" and litigants have no inherent rights to disseminate what they only obtain through the discovery process). To obtain a protective order, the proponent must establish good cause based on a particularized, specific showing. *United States v. Dixon*, 355 F. Supp. 3d 1, 4 (D.D.C. 2019). Courts also recognize that blanket protective orders, such as the one the Government seeks here, can help expedite discovery and are appropriate upon a showing of good cause. *See United States v. Johnson*, 314 F. Supp. 3d 248, 252 (D.D.C. 2018) (citing *United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass. 2012); *United States v. Luchko*, No. 06-cr-319, 2006 WL 3060985, at *5 (E.D. Pa. Oct. 27, 2006)); *United States v. Smith*, 985 F. Supp. 2d 506, 545 (S.D.N.Y. 2013).

Good cause exists here to enter the proposed protective order. The Defendant has demonstrated through his public statements that he intends to litigate the merits of the pending charges in the press. Moreover, proceeding pro se, the Defendant does not have an attorney who can monitor his use of non-public discovery material and who is subject to the District's clear rules limiting extrajudicial statements and other efforts to taint the jury pool.[4] An order from this Court limiting the Defendant's use of discovery only to the preparation of his defense is the best means, therefore, to ensure the Defendant cannot bolster his improper efforts to keep a running public commentary by publishing materials that are not part of the case's public record and that the Defendant only has obtained through the discovery process. Restraining the release of discovery as proposed, therefore, serves important public and judicial interests. *See Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1070 (1991) ("The outcome of a criminal trial is to be decided by impartial jurors, who know as little as possible of the case, based on material admitted into evidence before them in a court proceeding. Extrajudicial comments on, or discussion of, evidence which might never be admitted at trial . . . obviously threaten to undermine this basic tenant."). It also furthers the Court's recognized obligation to avoid the "carnival atmosphere" that might accompany a case receiving substantial public attention, *Shepherd v. Maxwell*, 384 U.S. 333, 357-58 (1966), as this case already has, due, in part, to the Defendant's press appearances.

The Government reached out to the Defendant on Monday, June 6, 2022, for the Defendant's position with respect to the proposed protective order. In response, the Defendant

[4] *See* Local Criminal Rule 57.7(b)(3) (prohibiting attorneys or law firms associated with the defense in a criminal matter from making or authorizing extrajudicial statements "which a reasonable person would expect to be disseminated by means of public communication, relating to that matter and concerning: . . . (vi) [a]ny opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case").

stated, "I am in the process of assembling a legal team and it would be premature for you to file this order until my representation is in place and premature to respond further to your queries." At his initial appearance, however, the Defendant indicated he wanted discovery "now," and the Government is prepared to provide it—indeed, there is no basis to delay discovery, and consequently progress to trial, in this straightforward case about whether the Defendant showed up when required. The Defendant's objection does not establish a basis for delaying entry of a protective order that will allow discovery to proceed—particularly because the Defendant has now made conflicting statements regarding his intention to obtain counsel and has provided no timeframe within which he believes he will do so. In any event, the Defendant is not prejudiced by the proposed order. He can move to modify the order later as he or his counsel believe appropriate, and the proposed order allows the Government to fulfill the Defendant's request for immediate discovery without compromising the integrity of the proceedings by risking the premature release of non-public information for public commentary and consideration.

The Government therefore requests that the Court enter the attached proposed protective order.

**III. Motion to Release Grand Jury Material to the Defendant**

The Government also requests that the Court allow it to produce to the Defendant testimony and related exhibits present to the grand jury in the investigation that led to the charges in this case, insofar as such disclosure is necessary for the Government to comply with its discovery obligations. Under Federal Rule of Criminal Procedure 6(e)(3)(E)(i), "[t]he court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding." Rule 6(e)(3)(F) provides certain requirements for a petition under Rule 6(e)(3)(E)(i), including that the petition be

filed in the district where the grand jury convened and that the court "must afford a reasonable opportunity to appear and be heard to: (i) an attorney for the government; (ii) the parties to the judicial proceeding; and (iii) any other person whom the court may designate." The Government submits that the requirements of Rule 6(e)(3)(F) are satisfied by submission and resolution of this motion. The Government further submits that such an order is appropriate because grand jury testimony in this case constitutes material to which the defendant is entitled as part of his discovery.

## IV. Conclusion

Accordingly, the Government respectfully requests an order entering the attached protective order and authorizing the disclosure of grand jury testimony to the Defendant.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ *Amanda R. Vaughn*
Molly Gaston (VA 78506)
Amanda R. Vaughn (MD)
Elizabeth Aloi (D.C. 1015864)
Assistant United States Attorneys
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-1793 (Vaughn)
amanda.vaughn@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that, on June 8, 2022, I provided a copy of the United States' Motion for Protective Order and to Disclose Grand Jury Testimony, and a copy of the attached proposed protective order, to the Defendant, by email, at his email address, pknavarro@protonmail.com.

/s/ *Amanda R. Vaughn*
Amanda R. Vaughn
Assistant United States Attorney