UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 22-cr-200 (APM) |
| v. : | |
| : | |
| PETER K. NAVARRO, : | |
| : | |
| Defendant. : | |

**JOINT PRETRIAL STATEMENT**

Pursuant to the Court's Pretrial Order, ECF No. 25, the Government, with the consent of the Defendant, hereby submits the Parties' joint pretrial statement. The government proposed a one-paragraph neutral statement to which the Defendant does not object. The Defendant has proposed five additional paragraphs, to which the Government objects. The parties do not propose any stipulations. Attached are the following:

Joint proposed voir dire questions (Exhibit A);

Joint proposed jury instructions with the Parties' objections (Exhibit B);

Government's witness list (Exhibit C);

Defendant's witness list and Government's objections (Exhibit D);

Government's exhibit list (Exhibit E);

Defendant's exhibit list and Government objections (Exhibit F); and

Alternative Proposed Verdict Forms and Government's objections (Exhibit G).

As noted, this submission includes the Government's objections to the Defendant's witness and exhibit lists. With respect to the Government's exhibits, the Defendant has indicated that he is not seeking to exclude any of the Government's exhibits, but reserves the right to object to their admissibility at trial.

**Joint Statement of the Case**

The indictment in this case charges the Defendant, Peter K. Navarro, with two counts of contempt of Congress. In 2022, the Select Committee to Investigate the January 6th Attack on the U.S. Capitol, a committee of the U.S. House of Representatives, was conducting an investigation into the January 6, 2021, attack on the U.S. Capitol. According to the indictment, on February 9, 2022, the Select Committee issued a subpoena to the Defendant directing him to provide various records relating to its investigation by February 23, 2022, and to appear and give testimony at a deposition on March 2, 2022. The indictment alleges that the Defendant did not produce records by February 23, 2022, as required, and did not appear as required to provide testimony on March 2, 2022. The indictment further alleges that his failure to comply was willful.

**Defendant's Additions to the Joint Statement of the Case**

Dr. Navarro alleges that his refusal to comply with the Select Committee's subpoena was not "willful" because he reasonably believed from long-established Department of Justice policy and precedent that as a senior presidential aide he was "absolutely immune" from Congressional process.

He additionally alleges that former President Trump had instructed him to assert executive privilege and directed him not comply with the Select Committee's subpoena. He says that he believed the House of Representatives recognized executive privilege as a legitimate reason for not complying with a Congressional subpoena based on an experience he had a few months earlier with another congressional committee. On that occasion, the Covid Subcommittee served him with a subpoena for documents and a deposition. Dr. Navarro responded that he could not comply because former President Trump had instructed him to invoke executive privilege. The Covid Subcommittee did not take steps to enforce its subpoena which, Dr. Navarro says, confirmed for

him that Congress recognized a President's assertions of executive privilege as a legitimate reason for not complying with its subpoenas.

After being served with the Select Committee's subpoena, Dr. Navarro repeatedly urged the Committee to contact former President Trump or his lawyers to resolve the privilege issue. When it did not do so, Dr. Navarro alleges that he was placed on the horns of a dilemma: ignore the President's instructions or risk being held in contempt by the Committee. He cites this as another reason why his non-compliance with the Committee's subpoena was not "willful."

Dr. Navarro also alleges that the Select Committee did not have the authority to issue its subpoena because it was neither properly constituted nor duly authorized according to the rules of the U.S. House of Representatives and the Select Committee's own rules.

Finally, Dr. Navarro asserts that the Select Committee's subpoena did not reasonably identify the specific location where his deposition was to take place since it referred only to the "United States Capitol Building", which has more than 600 rooms. He alleges that as the date for the deposition approached, a Select Committee staff attorney improperly changed the place of the deposition to a separate House Office Building without authority to do so, thereby rendering the subpoena unenforceable and providing another reason that excused him from complying.

**Government Objections to Defendant's Additions to the Joint Statement of the Case**

The Court has asked the parties to provide a neutral statement of the case to be read to the jurors during voir dire. The Government objects to the Defendant's additions to the statement of the case because they are not neutral. Instead, the additional language proposed by the Defendant identifies contested evidence, evidence that lacks foundation, or advances the Defendant's improper or waived legal arguments which are not matters appropriately before the jury. *See* ECF

No. 58 (Government's Omnibus Motion in Limine), and ECF No. 44 (Opposition to the Defendant's Motion to Dismiss).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Elizabeth Aloi*
Raymond Hulser
Elizabeth Aloi (D.C. 1015864)
Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7212 (Aloi)
elizabeth.aloi@usdoj.gov