UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 22-cr-200 (APM) |
| v. | : | |
| | : | |
| PETER K. NAVARRO, | : | |
| | : | |
| Defendant. | | |

## JOINT PROPOSED VOIR DIRE

Knowledge of the Parties

1. The United States is represented in this case by Assistant United States Attorneys Raymond Hulser and Elizabeth Aloi. They will be assisted in this trial by Quiana Dunn-Gordon. Also sitting with the government is FBI Special Agent Walter Giardina. Are you personally acquainted with, or do you have any connection to or association with, Mr. Hulser, Ms. Aloi, Ms. Dunn-Gordon, or Special Agent Giardina?

2. The Defendant is represented by John Rowley, John Irving, Stanley Brand and Stanley Woodward. Are you personally acquainted with, or do you have any connection to or association with, Mr. Rowley, Mr. Irving, Mr. Brand or Mr. Woodward?

3. The Defendant is Peter K Navarro. Are you personally acquainted with, or do you have any connection to or association with, Mr. Navarro?

4. The following is a list of individuals that may testify in this case.  [LIST OF POTENTIAL WITNESSES].  Are you personally acquainted with, or do you have any connection to or association with, any of these individuals?

5. Do you know or recognize any of the other potential jurors in the panel, the courtroom staff, or me?

Knowledge of the Case

Statement of the Case: The indictment in this case charges the Defendant, Peter K. Navarro, with two counts of contempt of Congress. In 2022, the Select Committee to Investigate the January 6th Attack on the U.S. Capitol, a committee of the U.S. House of Representatives, was conducting an investigation into the January 6, 2021, attack on the U.S. Capitol. According to the indictment, on February 9, 2022, the Select Committee issued a subpoena to the Defendant

directing him to provide various records relating to its investigation by February 23, 2022, and to appear and give testimony at a deposition on March 2, 2022.  The indictment alleges that the Defendant did not produce records by February 23, 2022, as required, and did not appear as required to provide testimony on March 2, 2022. The indictment further alleges that his failure to comply was willful.

6. Is there anything about the nature of the charges in this case that would prevent you from deciding this case fairly?

7. Have you heard, seen, or read anything, from any source, about this case?

   a. If you have heard, seen, or read anything about this case, have you formed any opinions about this case based on what you have heard, seen, or read?

   b. If you have heard, seen, or read anything about this case, is there anything about your knowledge of this case that would prevent you from following the Court's instructions and reaching a verdict based solely on the evidence presented during the trial?

8. Have you ever written or said anything for public consumption about the Defendant, the U.S. House Select Committee to Investigate the January 6th Attack on the U.S. Capitol, or the Committee's investigation?   For purposes of this question, writings or statements for public consumption include blog posts, articles, podcasts, or posts on any internet sites that are accessible to the general public.

9. If you are selected as a juror in this case, I will instruct you to avoid all media coverage relating to this case, including radio, television, podcasts, social media, and other Internet sources. That is, you will be forbidden from reading any newspaper articles about this case, listening to any radio or podcast stories about this case, or watching any TV news about this case. You will also be forbidden from Googling this case, or blogging, tweeting, reading, or posting comments about this case on social media sites or anywhere else on the Internet. Do you have any reservations or concerns about your ability or willingness to follow this instruction?

<u>Case-Specific Questions</u>

10. Have you, a family member, or anyone close to you ever been subpoenaed by or asked by Congress or any congressional committee to testify or provide records?

11. Have you, a family member, or anyone close to you ever been required by any government agency, court, or law enforcement entity to provide records, statements, or testimony?

12. You will hear and see evidence in this case that the Defendant was subpoenaed for testimony and records by the U.S. House of Representative's Select Committee to Investigate the January 6th Attack on the United States Capitol. Have you heard, seen, or read anything, from any source, about the Select Committee or its investigation?

    a. If you are familiar with the Select Committee or its investigation, do you have any beliefs or opinions about the Select Committee, its investigation, or Congress more generally that would make it difficult for you to remain fair and impartial to both the government and the Defendant throughout the trial in this case?

13. Do you, or does any member of your family or a close friend, work for Congress or any other branch of government?

14. Dr. Peter K. Navarro is a former senior advisor to President Donald J. Trump. Do you, your spouse or partner, or family member, have any political beliefs that might prevent you from fairly evaluating the evidence at trial because that person's political beliefs are the same or different from your own?

15. Do you have any beliefs or opinions about the Defendant, Peter Navarro, or anyone associated with him, that would make it difficult for you to remain fair and impartial to both the government and the Defendant throughout the trial in this case?

Experience with the Legal System and U.S. Government

16. Have you, a family member, or anyone close to you ever worked in the legal profession in any way, including as a lawyer, paralegal, assistant, or investigator, and including in a prosecutor's or defense attorney's office?

17. Have you, a family member, or anyone close to you ever been accused of, arrested for, or charged with a crime?

18. Have you, a family member, or anyone close to you ever been the victim of or a witness to a crime, regardless of whether that crime was reported to law enforcement?

19. Have you ever served on a grand jury?

20. Have you ever served as a juror in a trial in either federal, state, or local court?

21. Do you have any beliefs or opinions about law enforcement officers that would affect your ability to fairly and impartially evaluate the credibility of a law enforcement officer, like any other witness, simply because he or she is a law enforcement officer?

22. Have you had any dealings with the United States Government in which you feel the government did not give you fair treatment?

23. Do you have any beliefs or opinions about the United States Attorney's Office, the U.S. Department of Justice, criminal defense attorneys, or the Federal Bureau of Investigation

that would make it difficult for you to remain fair and impartial to both the government and the Defendant throughout the trial in this case?

<u>Ability to Serve and Deliberate</u>

24. The government bears the burden of proving Mr. Navarro guilty beyond a reasonable doubt, and he is presumed innocent unless and until the government meets that burden. This burden of proof never shifts to Mr. Navarro, and he has no obligation to offer his own evidence. Would you have any difficulty presuming Mr. Navarro to be innocent or with this allocation of the burden of proof?

25. A defendant has a constitutional right not to testify, and if Mr. Navarro decides not to testify, I will instruct you that you cannot hold his silence against him. Would you have any difficulty following that instruction?

26. Jurors are the sole judges of the facts, but they must follow the principles of law as I instruct. The jury may not follow some rules of law and ignore others. And even if the jury disagrees or dislikes a rule of law, or does not understand the reasons for some of the rules, it is the jury's duty to follow them. Is there any reason you would find it difficult to follow my legal instructions, whatever they may be?

27. No matter what you have heard or seen about the events at the United States Capitol on January 6, 2021, and no matter what opinions you may have formed, will you have any difficulty putting that aside, follow the law as I explain it to you, and decide the case in a fair and impartial manner based solely on the evidence presented in court?

28. To reach a verdict on a particular charge, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors, but you must also follow your own conscience and be personally satisfied with any verdict. Would you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

29. Today is Wednesday, November 16. The parties expect the presentation of evidence in this case to conclude either at the end of this week or early next week. You will begin deliberating after the close of evidence. Once you begin deliberating, I do not know how long your deliberations will last. The jury will sit Monday through Friday, generally from 9:30 a.m. to 5:00 p.m. Knowing this schedule, do you have any urgent or extremely important matter to attend to this week or next, such that serving as a juror in this case would be an extreme hardship for you?

30. Do you have any religious, moral, or philosophical reason, or personal or political beliefs, or is there any other reason not already mentioned, that you believe would make it hard for you to be a fair and impartial juror in this case, or to sit in judgment of another person?

31. Do you have any difficulty seeing or hearing that would make it difficult for you to follow or receive the evidence presented in the case?

32. Do you have any difficulty speaking, understanding, reading, or writing the English language?

33. Are you taking any medications or do you have any physical condition that could make it difficult for you to sit as a juror and give your full attention to the trial and the evidence in this case?

34. Can you think of any other matter that might have some bearing on your ability to serve as a juror or your ability to render a fair and impartial verdict based solely on the evidence and my instructions on the law?

### Additional Questions Proposed by the Defendant

1. Do you, or does any member of your family or close friend, live or work in the immediate vicinity of the United States Capitol?

2. Were you, or any member of your family or close friend, present at the United States Capitol on January 6, 2021?

3. Did you watch the incident at the United States Capitol on television as it unfolded on January 6, 2021?

4. Have you attended or watched on television any of the public hearings by the Select Committee to Investigate the January 6th Attack on the United States Capitol?

5. You may hear testimony from elected officials or Government staff with the same or different political believes as you hold. Would you tend to believe or not believe the testimony of a witness simply because his or her political beliefs are the same or different from your own?

7. Have you read or heard anything about the trial of Steve Bannon?  Do you know who Steve Bannon is? Would that affect your ability to fairly evaluate the evidence in this case?

8. Have you ever heard the term "executive privilege" and do you know what it means?

9. Have you ever taken a course on Constitutional law or read about the separation of powers between the Executive and Legislative branches of government?

10. Are you familiar with the Justice Department's Office of Legal Counsel, or "OLC", and do you know anyone who works there now or who has worked there in the past?

### Government's Objections to Defendant's Additional Voir Dire Questions

The Government objects to the Defendant's additional voir dire questions because they are not necessary to elicit information that would be helpful to advance the goal of picking a fair and impartial jury. Inclusion of these questions will only prolong the time necessary for jury selection. In particular, the prospective jurors' opinions on the events of January 6, 2021 (Question Nos. 1 to 4),  Steve Bannon (Question No. 7) and executive privilege (Question Nos. 8 and 9) may be confusing, muddle the relevant issues, and are not probative of the jurors' bias with respect to the issues that will be presented at trial. Question No. 10 is also duplicate, in-part of agreed-upon Question Number 16, and may be available to the Defendant as a follow-up question if appropriate. Question 5 also inappropriately suggest that the jurors may hear testimony about witnesses' particular political beliefs.  Evidence of any witnesses' political beliefs is not appropriate and should be excluded at trial. *See* ECF No. 58 at 12-13 (Government's Omnibus Motion in Limine to exclude evidence politicizing the trial).