IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>PETER K. NAVARRO, )<br>)<br>Defendant. ) | Criminal No. 1:22-cr-00200-APM |

### DEFENDANT'S WITNESS LIST

1. Elizabeth Harrington

2. Justin Clark

3. Dan George, senior investigative counsel for the Select Committee

4. Jonathan Su, former Deputy White House Counsel

5. S/A Walter B. Giardina

6. Doug Letter, Counsel for House of Representatives

9. Adam Katz, attorney

10 Peter K. Navarro

11. An individual called to testify that former President Donald J. Trump instructed Dr. Navarro to invoke executive privilege on his behalf

12. To the extent not propounded by the Government at trial, an individual knowledgeable about the precedents and procedures of the U.S. House of Representatives

### Government Objections to Defendant's Witness List

The Government objects to any witness offering evidence beyond the scope of the issue properly before the jury: whether the Defendant knew he had been subpoenaed by the Select Committee to Investigate the January 6th Attack on the Capitol to produce documents and appear

for a deposition, and nonetheless made a deliberate decision to do either. In particular the Government is unaware of any testimony that could be offered by Elizabeth Harrington, Jonathan Su, Doug Letter, or unidentified witnesses 11 and 12 that could be probative of the elements of the offense or defenses available to the Defendant. To the extent that any of the Defendant's witnesses are proffered to address the issue of the Defendant's assertion of executive privilege, the government objects to such witnesses because those are legal matters to be resolved by the Court in the context of the Defendant's Rule 12 motion to dismiss, and, once resolved, they are not matters that should be raised before, or submitted to, the jury. To the extent that the Defendant's witnesses are proffered to address the validity of the Committee's composition and its authority to act, the government objects to those witnesses. Those, too, are legal issues to be addressed by the Court in the context of the Defendant's Rule 12 motion to dismiss, and they have been waived as defenses. They are not matters to be submitted to the jury.

The Government further objects to the unidentified witnesses because the Defendant may only withhold the identity of a witness with leave of the court upon a showing of good cause. *See* ECF No. 25 at 3 (Pretrial Order).