**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**v.**<br><br>**PETER K. NAVARRO,**<br><br>**Defendant.** | **Criminal No. 1:22-cr-00200-APM** |

**DEFENDANT'S EXHIBIT LIST**

| *Ex. No.* | *Description of Exhibit* | *Marked for I.D.* | *Received in Evidence* | *Witness* | *Ex. Sent to Jury (date/time)* |
|---|---|---|---|---|---|
| 1 | 11/20/2021 DJT public statement directing PKN to assert executive privilege | | | | |
| 2 | 12/07/2021 Letter from PKN to Chairman Clyburn (Coronavirus Subcommittee) asserting executive privilege | | | | |
| 3 | 12/14/2021 Email from PKN to Liz Harrington: "This is my response to the Committee; holding fast" | | | | |
| 4 | 12/15/2021 Letter from PKN to Chairman Clyburn (again) asserting executive privilege | | | | |
| 5 | 02/09/2022 Select Committee subpoena: [Longworth & Capitol Building] | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 6 | 02/09/2022 Email from PKN to Dan George: "yes. No counsel. Executive privilege" | | | | |
| 7 | 02/09/2022 Email from PKN to Elizabeth Harrington: "Please share this [draft Public Statement] with the Boss" (REL 9386) | | | | |
| 8 | 02/09/2022 Public Statement by PKN: "Not my privilege to waive" | | | | |
| 9 | 02/27/2022 Email from PKN to Dan George: "Trump has invoked executive privilege; it is neither my privilege or Joe Biden's to waive" | | | | |
| 10 | 02/28/2022 Jonathan Su letter to PKN, with cc to Kristin Amerling | | | | |
| 11 | 02/28/2022 Email from PKN to Jonathan Su: Biden is not the president I worked for. Donald Trump is… Executive privilege" | | | | |
| 12 | 03/03/2022 Email from PKN to the Committee: "It is incumbent on the Committee to negotiate with POTUS" | | | | |
| 13 | 05/23/2022 Email from Joanna Miller to PKN (REL 10295) re edits to Complaint for Declaratory Relief (REL 10295.0001) | | | | |
| 14 | 05/23/2022 Text messages with Liz Harrington | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 15 | 06/01/2022 Letter from PKN to USAO re Grand Jury subpoena and executive privilege | | | | |
| 16 | 06/01/2022 Email from PKN to Liz Harrington: "Lawsuit drops tomorrow; share with POTUS" | | | | |
| 17 | 05/31/2022 PKN Civil Complaint | | | | |
| 10 | Verizon toll records for the period from November 2021 through June 2022 | | | | |
| 18 | Any materials in the Government's possession whether or not produced in discovery or on its Exhibit List | | | | |
| | | | | | |

**Government Objections to Defendant's Proposed Exhibits**

The Defendant has not provided the Government with marked exhibits as required by the Court's Pretrial Order, ECF No. 25 at 3. Nevertheless, the Government submits the following objections based on the Defendant's description of each exhibit.

First, as set forth in the Government's Omnibus Motion in Limine, ECF No. 58, the Government objects to every proposed exhibit, except for proposed Exhibits 5, 6 and 9, to the extent the Defendant plans to use the exhibit to advance an improper argument. In particular, Defendant's proposed Exhibits 1, 2, 4, 8, 10 and 15, would appear to advance the improper arguments that executive privilege, entrapment by estoppel, or the public authority defense excused the Defendant's noncompliance with the subpoena. *See* ECF No. 58 at 3-8. As discussed

in the Government's briefing, the Defendant's mistaken belief that the law, and specifically executive privilege excused his default, is neither a defense to contempt, nor a matter for the jury's consideration. *See* ECF No. 58 at 3-5. The Defendant has further not made the threshold showing for the affirmative defenses of entrapment by estoppel and public authority, the assertions of which appear to be a means of inserting evidence in support of the Defendant's invalid defense that executive privilege excused his conduct. *See* ECF No. 58 at 5-8.

Second, Defendant's proposed Exhibits 7, 13, and 17 were specifically addressed in the Government's pending motion in limine, and for the reasons set forth therein are inadmissible. *See* ECF No. 58 at 13-14 (discussing documents produced to by the Defendant to the Government and identified by the Defendant in the production as items he intends to use in his case-in-chief.).

Third, the Government objects to every proposed exhibit except for Defendant's proposed Exhibits 5, 6, 9, and 10, to the extent the exhibit contains self-serving hearsay, which is inadmissible. *See United States v. Wilkins*, 538 F. Supp. 3d 49, 68 (D.D.C. 2021) (barring the defendant from introducing his own out-of-court hearsay statements and noting that "[w]hile the Federal Rules of Evidence set forth various exceptions to hearsay, self-serving hearsay is not one of those" (citing *United States v. Rivera-Hernandez*, 497 F.3d 71, 82 n.5 (1st Cir. 2007) (internal citation omitted) ("To be received in evidence an admission . . . must be contrary to that party's position at the time of the trial."); *United States v. Palow*, 777 F.2d 52, 56 (1st Cir. 1985) (holding that Rule 801(d)(2)(A) excludes the introduction of self-serving statements by the party making them))). In particular, Defendant's proposed Exhibits 2, 3, 4, 7, 8, 11, 12, 14, 15, 16, and 17 appear to contain out-of-court statements by the Defendant, which are inadmissible if offered for their truth. Further, Defendant's proposed Exhibits 12, 13, 14, 15, 16 and 17, appear to include statements which occurred after the charged criminal conduct, and thus could not be offered to

show the Defendant's state of mind at the time the crime occurred. Similarly, proposed Exhibit 1, is self-serving hearsay by former President Trump, and is inadmissible to show the Defendant's state of mind absent testimony from the Defendant that he relied on the statement to excuse his noncompliance with the subpoena. Such testimony is inadmissible to advance an improper executive privilege argument and for this reason, proposed Exhibit 1 should be excluded as well.

Fourth, Defendant's proposed Exhibits 1, 2, 3, and 4 relate to a different subpoena issued by a different Committee, which is not at issue in this case. They should be excluded consistent with Fed. R. Evidence 401 (liming admissible evidence to that which is relevant). These exhibits are likely to generate confusion and they are not probative of the charged offenses. The Government also objects on relevance grounds to proposed Exhibit 14, to the extent the text messages the Defendant wishes to use are not probative of any element of the offense or valid defense.

Finally, the Government objects to any proposed exhibit that was not produced in discovery by either party; or is not part of the public record or correspondence between the parties in this case. *See* Fed. R. Crim. Pro. 16(d)(2)(C) (the Court may prohibit a party from introducing undisclosed evidence).

The Government has no objection to Defendant's Proposed Exhibit 5, 6 or 9. These exhibits also appear on the Government's exhibit list.