UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Case No: 22-cr-200 |
| v. | : | |
| | : | |
| PETER K. NAVARRO, | : | |
| | : | |
| Defendant. | : | |

## PROPOSED VERDICT FORMS

### Government's Proposal

**Count 1:** Contempt of Congress – Willful Failure to Provide Records

_____                                           _____
Guilty                                                                           Not Guilty


**Count 2:** Contempt of Congress – Willful Failure to Appear for Testimony

_____                                           _____
Guilty                                                                           Not Guilty


### Defendant's Proposal

**COUNT 1:** **CONTEMPT OF CONGRESS – WILLFUL FAILURE TO PROVIDE RECORDS**

    A.   Did Dr. Navarro reasonably believe based on long-established Department of Justice policy and precedent that he was immune from congressional process as a former senior presidential advisor?

_____                                           _____
Yes                                                                               No

1

      **B. Did former President Donald J. Trump instruct Dr. Navarro to invoke executive privilege on his behalf and did Dr. Navarro notify the Select Committee that he could not comply with its subpoena for that reason?**

      _____                       _____
      Yes                                          No

      **C.   Did Dr. Navarro reasonably believe that he had an obligation to follow former President Trump's instructions to assert executive privilege on his behalf and not comply with the subpoena?**

      _____                       _____
      Yes                                          No

      **D.   Did the Select Committee fail to contact former President Trump or his attorneys to attempt to resolve the executive privilege so that Dr. Navarro could comply with the subpoena?**

      _____                       _____
      Yes                                          No

      **E.   Did the Select Committee's subpoena fail to identify the place of the deposition (*i.e.,* the "United States Capitol Building") with reasonable particularity so that Dr. Navarro knew from the subpoena where he was to appear for deposition?**

      _____                       _____
      Yes                                          No

      **F.   Did the Chairman of the Select Committee fail to formally authorize a new subpoena that changed the place for Dr. Navarro's deposition on March 2, 2022 from the "United States Capitol Building" to a separate location in the "O'Neill House Office Building"?**

      _____                       _____
      Yes                                          No


**Your answers to the above questions must be unanimous. If your unanimous answer to ANY of the above questions is "Yes" AND you find further that the Government has NOT carried its burden to prove the elements of the offense beyond reasonable doubt, as I have instructed you, then you shall enter your verdict on COUNT ONE as NOT GUILTY.**

**If, on the other hand, your unanimous answer to the ALL of the above questions is "No" AND you find further that the Government has carried its burden to prove the elements of the offense beyond reasonable doubt, as I have instructed you, then you shall enter your verdict on COUNT ONE in favor of the Government.**

_____         _____
GUILTY                    NOT GUILTY

**COUNT 2:**     **CONTEMPT OF CONGRESS – WILLFUL FAILURE TO APPEAR FOR TESTIMONY**

**A.   Did Dr. Navarro reasonably believe based on long-established Department of Justice policy and precedent that he was immune from congressional process as a former senior presidential advisor?**

_____         _____
Yes                       No

**B. Did former President Donald J. Trump instruct Dr. Navarro to invoke executive privilege on his behalf and did Dr. Navarro notify the Select Committee that he could not comply with its subpoena for that reason?**

_____         _____
Yes                       No

**C.   Did Dr. Navarro reasonably believe that he had an obligation to follow former President Trump's instructions to assert executive privilege on his behalf and not comply with the subpoena?**

_____         _____
Yes                       No

**D.   Did the Select Committee fail to contact former President Trump or his attorneys to attempt to resolve the executive privilege so that Dr. Navarro could comply with the subpoena?**

_____         _____
Yes                       No

**E.   Did the Select Committee's subpoena fail to identify the place of the deposition (*i.e.,* the "United States Capitol Building") with reasonable particularity so that Dr. Navarro knew from the subpoena where he was to appear for deposition?**

_____         _____
Yes                       No

**F.   Did the Chairman of the Select Committee fail to formally authorize a new subpoena that changed the place for Dr. Navarro's deposition on March 2, 2022 from the**

"United States Capitol Building" to a separate location in the "O'Neill House Office Building"?

| Yes | No |

**Your answers to the above questions must be unanimous. If your unanimous answer to ANY of the above questions is "Yes" AND you find further that the Government has NOT carried its burden to prove the elements of the offense beyond reasonable doubt, as I have instructed you, then you shall enter your verdict on COUNT TWO as NOT GUILTY.**

**If, on the other hand, your unanimous answer to the ALL of the above questions is "No" AND you find further that the Government has carried its burden to prove the elements of the offense beyond reasonable doubt, as I have instructed you, then you shall enter your verdict on COUNT TWO in favor of the Government.**

| **GUILTY** | **NOT GUILTY** |

### Government's Objections to Defendant's Proposed Verdict Form

The Government objects to the Defendant's confusing proposal because it misstates the law of contempt, misstates the elements of the charged offenses, and asks the jury to draw specific legal conclusions. A general verdict form, as proposed by the government, is the preferred practice. *See United States v. North*, 910 F.2d 843, 911 (1990) *opinion withdrawn and superseded in part on other grounds*, 920 F.2d 940 (D.C. Cir. 1990).