**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **Criminal No. 1:22-cr-00200-APM** |
| **v.** ) | |
| ) | |
| **PETER K. NAVARRO,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant Dr. Peter K. Navarro, by and through the undersigned counsel, and pursuant to The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, respectfully moves this Court for an Order dismissing the Indictment in this matter. This motion presents the novel question of whether time is excluded for purposes of The Speedy Trial Act where the government requests an opportunity to brief a question of law presented by the Court at a pretrial hearing that was not otherwise the subject of a pending motion.

### I.    PROCEDURAL BACKGROUND

Defendant Dr. Peter K. Navarro was indicted in this matter on June 2, 2022 (ECF No. 1), arrested on June 3, 2022 (ECF No. 8), and initially appeared later that day. Initially, *the government* objected to Dr. Navarro's request to toll time under the Speedy Trial Act. The magistrate judge overruled the government's objection and agreed to toll time under the Speedy Trial Act between June 3 and June 17, 2022, when Dr. Navarro's arraignment was scheduled. Minute Entry (June 3, 2022).

On June 17, 2022, Dr. Navarro was arraigned, pleaded not guilty, and no tolling of the Speedy Trial Act was ordered by this Court. Instead, the Court ordered that any motion to dismiss be filed by August 17, 2022.

1

In the interim, on July 14, 2022, Dr. Navarro filed a motion to modify the June 13, 2022, Protective Order in this case (ECF No. 20), which was denied as moot on July 15, 2022.  Thus, twenty-five (25) days – between June 18, 2022, and July 13, 2022, elapsed under the Speedy Trial Act.

Thereafter, on August 4, 2022, Dr. Navarro filed a motion to compel (ECF No. 31).  Thus, another eighteen (18) days – between July 16, 2022, and August 3, 2022 – elapsed  under the Speedy Trial Act, or forty-three (43) total elapsed days.  The motion to compel was denied on September 12, 2022 (ECF No. 55).

In the interim, however, on August 17, 2022, Dr. Navarro filed a motion to dismiss (ECF No. 34), for which a hearing was held on November 4, 2022.[1]  In addition, on September 28, 2022, the government filed a motion in limine (ECF No. 58).  Thereafter, a status hearing was held on November 10, 2022, at which time, time under The Speedy Trial Act was tolled through January 11, 2023, when a trial was then set to commence, because "the ends of justice served by [delaying trial] outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  On December 14, 2022, however, the Court continued the trial date to January 30, 2023, and on January 19, 2023, the Court denied Dr. Navarro's August 17, 2022, motion to dismiss (ECF No. 34) and granted in part the government's September 28, 2022, motion in limine (ECF No. 58).  *See* Memorandum Opinion and Order (Jan. 19, 2023) (ECF No. 68).

On January 23, 2023, the government filed another motion *in limine* to exclude the potential trial exhibits Dr. Navarro was required to identify prior to trial.  (ECF No. 70).  Dr.

---

[1] The motion to dismiss was ultimately denied on January 19, 2022, more than thirty (30) days after the hearing on the motion was held, (ECF No. 68), and within a time period that was otherwise excluded from The Speedy Trial Act clock because, "the ends of justice served by [delaying trial] outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).

Navarro opposed this motion on January 25, 2023, (ECF No. 74), and no reply was filed by the government.  The Court did not take up the motion at its pretrial hearing on January 27, 2023, nor did it otherwise indicate that the government's motion required a hearing.  On January 24, 2023, Dr. Navarro filed a motion for reconsideration (ECF No. 71) of the Court's Order denying Dr. Navarro's motion to dismiss (ECF No. 68), which was denied at the pretrial hearing on January 27, 2023.  Thus, another eleven (10) days – between January 12, 2023, and January 22, 2023, elapsed under the Speedy Trial Act, or fifty-three (53) total elapsed days.

At the hearing on January 27, 2023, the Court tolled time under the Speedy Trial Act until February 28, 2023, by when it also ordered the government to brief the question of whether a former President's assertion of Executive Privilege as to a former senior advisor rendered that former senior advisor immune from prosecution under 2 U.S.C. § 192, because "the ends of justice served by [delaying trial] outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  However, on February 25, 2023, the government moved to continue its briefing deadline until March 14, 2023, *without* asking the Court to toll time under the Speedy Trial Act (ECF No. 80).  The Court granted the government's motion on February 27, 2023.  (ECF No. 78).  Arguably, another twelve (12) days – between March 1, 2023, and March 13, 2023, elapsed under The Speedy Trial Act, or sixty-four (64) total elapsed days.

On March 14, 2023, the government filed its brief – docketed on PACER as a response to order of the court (ECF No. 79), to which Dr. Navarro responded on April 18, 2023, and the government filed a reply on April 28, 2023 (ECF No. 82).  Thirty (30) days thereafter elapsed on May 28, 2023.  Finally, on May 25, 2023, the government filed a motion to set a trial date (ECF No. 84), which the Court set for September 5, 2023, at a Status Hearing on May 30, 2023.  At that time, the Court also tolled time under the Speedy Trial Date through the start of trial on

September 5, 2023, because "the ends of justice served by [delaying trial] outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).

Between March 1, 2023 – the day following the date until which the Court had tolled time under The Speedy Trial Act by Minute Order at the January 27, 2023, Pretrial Hearing – and May 24, 2023 – the day before the government filed its motion to set a trial date – eighty-four (84) days elapsed.

## II.    LEGAL STANDARD

The Speedy Trial Act provides a criminal defendant with a statutory guarantee that he will go to trial within seventy (70) days of the date on which his indictment is made public or he makes his initial appearance, whichever is later.  *See* 18 U.S.C. § 3161(c)(1).  Not every day after the time of charging or initial appearance counts toward that seventy-day period, however.  The Act provides a specific list of circumstances warranting delay and tolling of the Speedy Trial clock.  *See Id.* § 3161(h).  Amongst those reasons warranting an exclusion of time from the 70-day window is, "[a]ny . . . delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" § 3161(h)(1)(D), "[a]ny . . . delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court," § 3161(h)(1)(H).[2]

Nearly four-decades ago, the Supreme Court was confronted with the question of how these provisions interact, include their applicability to posthearing briefing following a hearing

---

[2] The Court may also, as it did here, toll time under The Speedy Trial Act for:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7).

on a pretrial motion automatically excluding time under The Speedy Trial Act pursuant to
§ 3161(h)(1)(D).  In *Henderson v. United States*, 476 U.S. 321 (1986), the Court held that 18
U.S.C. § 3161(h)(1)(D) provides that the time period between the filing of a pretrial motion and
the "prompt disposition of, such motion" shall include any time within which the Court, "awaits
additional filings from the parties that are needed for proper disposition of the motion."  *Id.* at
331.  The Court also held that an application of the combination of §§ 3161(h)(1)(D) and
(h)(1)(H) provides that the Court may also take the motion, "under advisement," for thirty (30)
days following its receipt of posthearing briefs, and that the time between a hearing on the
motion, the submission of the posthearing briefs, and the thirty (days) the motion remains under
advisement following the submission of posthearing briefs are all automatically excluded.  *See*
*id.* at 328-29 (The Speedy Trial Act permits an, "exclusion of up to 30 days while the district
court has a motion 'under advisement,' i.e., 30 days from the time the court receives all the
papers it reasonably expects").  As the Court explained, it would make no sense, "for Congress to
exclude automatically all the time prior to the hearing on a motion and 30 days after the motion
is taken under advisement, but not the time during which the court remains unable to rule
because it is awaiting the submission by counsel of additional materials."  *Id.* at 331.  The only
temporal requirement of the Court appears to be that the posthearing briefing be ordered within
the thirty (30) day period which the Court is permitted to take the matter under advisement.  *See*
*United States v. Scott*, 270 F.3d 30, 56 (1st Cir. 2001) (acknowledging that the time between the
filing of a pretrial motion, a hearing on the same, and the completion of posthearing briefing on
the motion may be lengthy, but ordering posthearing briefing after the thirty (30) day period
within which the Court is to have taken the matter "under advisement" is impermissible).

Here, the only way the clock has not run on the government's Speedy Trial Act obligation is if the Court concludes that the government's March 14, 2021, filing is a posthearing briefing to which the automatic exclusion of time pursuant to §§ 3161(h)(1)(D) and (h)(1)(H) apply.

### III.   LEGAL ANALYSIS

At the January 27, 2023, pretrial hearing, the Court inquired, as to whether a prosecution under 2 U.S.C. § 192 was constitutionally precluded where a former senior advisor to a former President refused to comply with a Congressional subpoena based on the instruction of that former President to assert executive privilege.  In turn, the government advised that it required time to brief the Court on the issue.  The Court asked the government how much time it required to submit its brief, and the government requested thirty (30) days within which to do so. Accordingly, when the Court raised the question of how much time should be tolled pursuant to The Speedy Trial Act, the government requested that the Court toll the thirty (30) day period while the submission of its brief was pending.  *See* H'rg T. at 78:22-25 (Jan. 27, 2023).

Ultimately, the government requested an additional fourteen (14) days to submit its brief, which was filed on March 14, 2023.  Despite the Court's explicit inquiry, the government's brief merely recited arguments it had previously briefed and studiously avoided the novel legal question presented by the Court.  Now, despite causing a delay of eighty-four (84) based on its purported attempt to brief the novel legal question presented by the Court, the government seeks to shoehorn that delay into one of the expressly enumerated tolling provisions of § 3161.  The Speedy Trial Act, however, "does not countenance such game-playing; it was intended to be a shield, not a sword." *United States v. Ntube*, No. 93-cr-3222-HRG, 1995 U.S.Dist. LEXIS 20617, at *28 (D.D.C. Dec. 9, 1996).  And its strictures are to be construed strictly.  *See Scott*, 270 F.3d at 57 ("Congress was also concerned about holding the district courts to [The Speedy Trial Act] framework and avoiding loopholes.").

### A.  The Government's Brief

At the January 27, 2023, pretrial hearing, the Court inquired of the parties why it should not instruct the jury that if Dr. Navarro were to establish at trial that he was instructed by former President Trump to assert executive privilege and not to comply with the Select Committee's subpoena for his testimony and documents, that the jury must subsequently acquit Dr. Navarro of contempt of congress because the Select Committee lacked authority to issue the subpoenas at issue.  In response, the government requested an opportunity to brief that question because, government counsel hypothesized, it may be the position of the Department of Justice that the invocation of executive privilege by a former senior advisor upon instruction by a former President does not preclude the Department's prosecution of that former senior advisor for contempt of congress should the advisor refuse to comply with the congressional subpoena at issue.  H'rg T. at 67-73 (Jan. 27, 2023).  Thus, the Court set a briefing schedule to allow the government, in its own words, to submit a, "pleading to explain to the Court the government's position on what the legal ramifications would be if there had been an invocation of executive privilege by former President Trump."  *Id.* at 75:1-5.

On March 14, 2023, the government submitted its brief.  (ECF No. 79).  The government's brief was noteworthy in that it did not answer the question posed by the Court.  Rather, in purporting to address that question, the government advised:  "The Court need not decide whether there are any circumstances in which a plausible assertion by a former President might preclude a contempt prosecution notwithstanding a sitting President's judgment that the assertions of privilege and immunity were not in the interests of the United States."  Brief at 13 (March 14, 2023) (ECF No. 79).  The government then spent the majority of its brief reiterating arguments previously presented to the Court concerning why any assertion of executive privilege by former President Trump would not withstand judicial scrutiny – legal issues separate and

distinct from the question of whether Separation of Powers principles precluded the Department's prosecution of Dr. Navarro.  *See*, *e.g.*, Brief (March 14, 2023) (ECF No. 79) (just four (4) of twenty-five (25) pages addressing the novel legal question posed by the Court about which the government requested an opportunity to submit supplemental briefing).  Indeed, and to its credit, the government owned its lack of response in its reply briefing:  "Defendant asks the Court to unnecessarily decide a categorical question:  whether a former senior Presidential advisor can be prosecuted for contempt of Congress for asserting a former President's privilege to withhold information wholesale from a Congressional committee."  Reply Brief at 1 (April 28, 2023) (ECF No. 82).

Dr. Navarro's position remains that like past senior advisors, current and former, of an incumbent President, the Department may not constitutionally prosecute the advisors of a former President without running afoul of the doctrine of Separation of Powers.

For purposes of the instant motion, however, the government's brief is relevant insofar as the time period during which the briefing was conducted is not automatically excluded under the 18 U.S.C. § 3161 and, therefore, the government has failed to bring Dr. Navarro's case to trial within the seventy (70) days it is allowed under the Speedy Trial Act.

## B.  No § 3161 Exclusion Applies to the Procedural Posture of this Case

The briefing that followed the Court's January 27, 2023, pretrial conference is not further briefing of a motion such that the time taken to complete posthearing briefing in addition to the time under which the matter remained "under advisement" by the Court is excluded under 18 U.S.C. § 3161.  Alternatively, even if the government's March 14, 2023, brief considered a separate "motion" such that the time during which the briefing was completed and thereafter remained "under advisement" by the Court excluded, more than seventy (70) days have elapsed and this case must be dismissed pursuant to the Speedy Trial Act.

   *i.   The Government's "Briefing" is not Posthearing Briefing of a Pending*
        *Motion.*

At the time of the January 27, 2023, pretrial hearing, only two motions remained

pending:  The government's January 23, 2023, motion in limine to exclude certain evidence

identified by Dr. Navarro as potential trial exhibits (ECF No. 70), and Dr. Navarro's January 24,

2023, motion for reconsideration of the Court's order denying his motion to dismiss and

granting, in part, the government's motion in limine to preclude certain defenses at trial (ECF

No. 71).

With respect to the government's motion *in limine*, the government submits that the

exhibits identified by Dr. Navarro as potential trial exhibits are inadmissible as self-serving

hearsay precluded by Rules 402, 403, and 802 of the Federal Rules of Evidence.  Perhaps the

government is correct.  But had Dr. Navarro not robustly noticed the potential exhibits he may

use at trial, the government surely would argue that Dr. Navarro had provided insufficient notice

of the exhibits he intended to utilize.  Regardless, in its motion *in limine*, the government did not

address the question posed by the Court at the January 27, 2023, pretrial hearing:  whether the

assertion of executive privilege by a former president as to his senior advisor with respect to a

Congressional subpoena renders that senior advisor immune from prosecution for contempt of

Congress.  Accordingly, the government's motion *in limine*, cannot be construed as a "motion"

for which posthearing briefing was required or that had otherwise been "taken under

advisement" by the Court.  To whit, none of the exhibits referenced by the government were

even discussed at the pretrial hearing at which additional briefing was requested by the

government.[3]

---

[3] Moreover, to the extent the government suggests the filling of its motion *in limine* warrants the exclusion of time
until trial, when the Court presumably would rule on the admissibility of each exhibit, the D.C. Circuit has noted

With respect to Dr. Navarro's motion for reconsideration, the Court denied Dr. Navarro's motion at the January 27, 2023, pretrial hearing (as reflected by a February 2, 2023, Minute Order).

In *Henderson v. United States*, 476 U.S. 321 (1986), the Supreme Court held:

> We therefore conclude that for pretrial *motions* that require a hearing, the phrase "or other prompt disposition" in subsection [(D)] does not imply that only "reasonably necessary" delays may be excluded between the time of filing a *motion* and the conclusion of the hearing thereon . . . [as well as that] Congress intended subsection [(H)] to exclude from the Speedy Trial Act's 70-day limitation all time between the filing of a *motion* and the conclusion of the hearing on that *motion*, whether a delay in holding that hearing is "reasonably necessary" [and] that subsection [(H)] excludes time after a hearing has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the *motion*.

*Id.* at 329-331 (emphasis added).

The plain language of § 3161(h)(1)(D) makes clear that there must be a motion pending for the Court's consideration: "delay resulting from any pretrial *motion*, from the filing of the *motion* through the conclusion of the hearing on, or other prompt disposition of, such *motion*." (emphasis added). And the *Henderson* Court only extended the time excluded under The Speedy Trial Act to posthearing briefing on *motions* that a District Court concludes are "necessary" for the, "proper disposition of *the motion*." (emphasis added). As no motions that related to the novel legal issue presented by the Court for which the government requested an opportunity to submit additional briefing, neither §§ 3161(h)(1)(D) nor (h)(1)(H) exclude time under The

---

that tolling calculation for speedy trial purposes when the government simply asserts that filings which are "commonly carried over until trial," are motions would compromise the exact purpose of the Speedy Trial Act, as it would allow the government to submit its filings, "at an early stage and then fail[] to press for prompt disposition." *United States v. Van Smith*, 530 F.3d 967, 971 (D.C. Cir. 2008) (quoting *United States v. Rush*, 738 F.2d 497, 505-06 (1st Cir. 1984)).

Speedy Trial Act.  Accordingly, more than seventy (70) days have elapsed since Dr. Navarro was

arraigned and the Indictment in this matter must be dismissed.

      *ii.*  *The Government's March 14, 2023, Brief is Not a "Motion" Warranting*
           *Exclusion of Time Under The Speedy Trial Act.*

      The government suggests that its "brief" is a "motion," citing *Melendez v. United States*,

518 U.S. 120 (1996), for the proposition that, "motion generally means an application made to a

court or judge for a purpose of obtaining a rule or order directing some act to be done in favor of

the applicant."  *Id.* at 126, *quoted in United States v. Harris*, 491 F.3d 440, 444 (D.C. Cir. 2007).

It may be true that the government's "brief" asked the Court not to do something, but that

something was to refuse to consider the legal question that has long been central to this case:

whether a senior Presidential advisor may be prosecuted for contempt of Congress after refusing

to comply with a Congressional subpoena following an assertion of executive privilege by that

advisor's President.  As the government articulated in its reply:  "Defendant asks the Court to

unnecessarily decide a categorical question:  whether a former senior Presidential advisor can be

prosecuted for contempt of Congress for asserting a former President's privilege to withhold

information wholesale from a Congressional committee."  Reply Brief at 1 (April 28, 2023)

(ECF No. 82).

      That the government never explicitly confronts this penultimate legal question speaks

volumes about the government's case – in bringing it, the government failed to consider the

Constitutional implications of the Separation of Powers doctrine necessarily implicated by Dr.

Navarro's prosecution.  Presciently, the Court anticipated this argument, ultimately ordering

further briefing on the issue only after the government requested an opportunity to do so for the

purpose of advising the Court on a legal question it would inevitably have to consider.  *See* H'rg

T. at 72:20-25, 73:5-17 (Jan. 27, 2023) ("That's an issue, it seems to me, that needs to be fleshed

out a little bit more.  And I need to understand why, because if that's your position, Department

of Justice, it does seem to me appropriate for that to be resolved pretrial. . . if the circumstances

are met and I tell the jury the circumstances are met, that's one instruction.  And if they aren't

met, then maybe they don't get an instruction at all.").

  The government's posthearing brief is not a "motion" warranting the automatic exclusion

of time under The Speedy Trial Act and as a result, more than seventy (70) days have elapsed

since Dr. Navarro was arraigned and the Indictment in this matter must be dismissed.

   *iii. The Government Failed to Request a Sufficient Tolling Period Under the*
     *Speedy Trial Act.*

  Of note, the government failed to request that the Court toll sufficient time under The

Speedy Trial Act to avoid running afoul of § 3161's statutorily prescribed seventy (70) day

period within which a trial must commence.  The Court's colloquy with the parties at the January

27, 2023, pretrial hearing made clear that the government's request for further briefing would

delay Dr. Navarro's trial and that it was therefore incumbent upon the government to request that

the Court toll a sufficient amount of time to avoid running afoul of The Speedy Trial Act's

precepts.  The Court was explicit in its observation that the legal issue for which the government

requested pretrial briefing was one that needed to be decided as part of the pre-trial and trial

proceedings in this matter.  *See* H'rg T. at 21:20-25, 22:1  (Jan. 27, 2023) (The Court: ". . . if

there is evidence of an actual invocation by the President with respect to Dr. Navarro and his

subpoena, I think that's a defense at trial."); 22:15-18 (The Court: "And Congress has to have the

authority to summon someone before them, and that's an element the government must prove

beyond a reasonable doubt to make out a case of contempt."); 23:4-8 (The Court: ". . . you put

that issue before the jury and it will be for the jury to decide whether, in fact, there was an

invocation, because I think the government's position was there was no invocation."); 24:23-25,

25:1-10 (Mr. Woodward: "But if the Court is willing to permit as a defense evidence that executive privilege had been invoked and that, under DOJ policy, barred Dr. Navarro's testimony, made his refusal to comply lawful, then, yes, we would put that on that defense."); 26:4-7 (The Court: "So let me be 100 percent clear. I don't think either side is asking me to rule on the ultimate question, which is: Is there a testimonial privilege?"); 35:21-25, 36:1-8 (The Court: ". . . it seems to me that ought to be a defense in this case for him to get up on the witness stand or some other witness and say, 'there was an invocation.' And you all can convince the jury he's not telling the truth or that there was no invocation."); 53:7-10 (The Court: "There is a dispute in this case about whether, in fact, there was an invocation. I don't think that's for me to resolve. I think that's a jury question. I really do."); 62:12-14 (The Court: "The jury will decide whether Dr. Navarro is telling the truth or not, right? They will have to make that decision."); 72:12-19 (The Court: "In this case, the government says, 'No, there was [no invocation of executive privilege].' Dr. Navarro's case seems to be, or at least he's alluding to the possibility, that there was. I think that's a question for the jury.").

## CONCLUSION

For the foregoing reasons, Dr. Navarro respectfully submits that the Indictment in this case must be dismissed because the government has failed to commence a trial as against Dr. Navarro within the prescribed seventy (70) day period required by The Speedy Trial Act.

Dated: May 31, 2023                           Respectfully Submitted,

                                              E&W Law, LLC

                                                     /s/ John S. Irving
                                              John S. Irving (D.C. Bar No. 460068)
1455 Pennsylvania Avenue, N.W., Suite 400
Washington, D.C. 20004
Telephone: (301) 807-5670
Email: john.irving@earthandwatergroup.com


SECIL LAW PLLC

         /s/ John P. Rowley, III
John P. Rowley, III  (D.C. Bar No. 392629)
1701 Pennsylvania Ave., N.W., Suite 200
Washington, D.C. 20006
Telephone: (703) 417-8652
Email: jrowley@secillaw.com


BRAND WOODWARD LAW, LP


         */s/ Stanley E. Woodward, Jr.*
Stan M. Brand (D.C. Bar No. 213082)
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel to Dr. Peter K. Navarro*

## <u>CERTIFICATE OF SERVICE</u>

On May 31, 2023, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

Respectfully submitted,

_/s/ Stanley E. Woodward, Jr._
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Dr. Peter K. Navarro*