UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| | : | CRIMINAL NO. 22-cr-200 (APM) |
| v. | : | |
| | : | |
| PETER K. NAVARRO, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITON TO DEFENDANT'S MOTION TO DISMISS

The Government hereby opposes defendant's motion to dismiss based on an alleged violation of the Speedy Trial Act (18 U.S.C. § 3161 *et. seq*. ("STA") (ECF # 85)).

**I.    Introduction.**

The Defendant's motion to dismiss should be denied. The Defendant argues that the STA has been violated because the period of time from February 28 until May 25, 2023, is not properly excludable. Defendant's argument is based on a misreading of the STA and a distortion of the record. In fact, that time period was properly excluded for three reasons: (1) the STA was tolled by the motion filed by the Government on March 14, 2023; (2) the STA was tolled by post-hearing briefing; and (3) the STA was tolled in the interest of justice. And, importantly, the Defendant has waived STA violation that he now asserts.

**II.    Procedural Posture.**

Defendant first appeared before the Court on June 3, 2022. The following periods of time have been properly excluded from the STA calculation:

1. June 3 to June 17, 2022, by the June 3, 2023, Order of the Magistrate Judge, entered over the objection of the United States;

2. July 14 to July 15, 2022, during the pendency of Defendant's Motion to

>    Modify Protective Order (ECF No. 27);

> 3. August 4, 2022, to January 11, 2023, though a combination of pending pretrial motions and the Court's November 10, 2022, Minute Order; and

> 4. January 27, 2023, to May 28, 2023, through a combination of the January 27, 2023, Order of the Court excluding time during the pendency of the briefing related to testimonial immunity and executive privilege and the filing of a motion.

Put another way, of the seventy days allotted by the STA within which to commence trial, a total of sixty days have elapsed: (26 days from June 18 to July 13; 19 days from July 16 to August 3; and 15 days from January 12 to January 27).

On January 27, 2023, the Court, by minute Order, excluded the time from January 27, 2023, to February 28, 2023. The Defendant now appears to challenge an exclusion from February 28, 2023, forward.

**III.   The STA has not been violated.**

A defendant must be tried "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).  The STA provides for the exclusion of certain periods of delay from the calculation of the 70-day period.  *See* 18 U.S.C. § 3161(h)(1)-(8).  The exclusion of some periods of delay is "automatic," while the exclusion of others is discretionary.  The latter exclusions require the Court to determine that the interests of justice served by the delay outweigh the public's and the defendant's interest in a speedy trial.  *Compare Henderson v. United States*, 476 U.S. 321, 327 (1986) ("exclusion of the periods defined in (1)-([5]) was intended to be automatic."), *with Bloate v. United States*, 559 U.S. 196, 203 (2010) ("Some of these delays are excludable only if the district court makes certain findings enumerated in the statute").  Here, as set forth more fully below, both automatic and discretionary exclusions of time cover the relevant period.

**A.      The Government's March 14, 2023, filing tolled the STA.**

The Government's March 14, 2023, filing triggered the automatic tolling provisions of the STA (18 U.S.C § 3161(h)(1)(D)) in two ways: (1) the filing constituted a motion and (2) the filing constituted a post-hearing filing.  Each of these bases for tolling is discussed below.

**1.      The Government's March 14, 2023, filing was a motion.**

The STA automatically excludes from the STA calculation the following periods of time:

> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

18 U.S.C § 3161(h)(1)(D) & (H).

The Government filed a motion on March 14, the Defendant filed his opposition on April 18, and the Government filed its reply on April 28, 2023.  (ECF Nos. 79, 81, and 82, respectively). Accordingly, that motion practice tolled the STA from at least March 14 until May 28, 2023 (the latter date accounts for the period that the motion is under advisement by the Court).[1]

"[T]he term 'motion' generally means '[a]n application made to a court or judge for purpose of obtaining a rule or order directing some act to be done in favor of the applicant.'" *Melendez v. United States*, 518 U.S. 120, 126 (1996) (second alteration in original) (quoting BLACK'S LAW DICTIONARY 1013 (6th ed.1990))).  In its March 14 filing, the Government made such an application.  In the first paragraph, the Government requested the Court to "exclude

---

[1] At the May 30, 2023, Hearing, the Court indicated that it may hear argument on the motion on June 21, 2023.  If the Court decides to hear argument at that time, the motion would toll the STA until July 21, 2023, or until the Court resolves the motion – whichever occurs first.  18 U.S.C § 3161(h)(1)(H).

3

from trial all argument and evidence relating to executive privilege and testimonial immunity and grant the United States' pending motion in limine." (ECF #79 at 1 (citations omitted)). Specifically, the Government made the following applications: (1) requested the Court to "not permit the Defendant to raise his assertions about privilege and immunity before the jury" (*id*. at 9); (2) "[t]he Court should reject the Defendant's claims of privilege and immunity in advance of trial" (*id*. at 10); (3) Defendant "should not now be allowed to invoke testimonial immunity after the fact to foreclose prosecution for a violation of Section 192" (*id*. at 13); and (4) "Defendant should not be permitted to testify about contrary and mistaken beliefs before the jury" (*id*. at 19). Finally, the Government's filing concluded as follows: "For the reasons stated above, the Government respectfully requests that the Court preclude the Defendant from introducing evidence or making legally unsupported arguments to the jury based on executive privilege, any purported testimonial immunity, or any claim of entrapment by estoppel." *Id.* at 25. Accordingly, the Government's March 14 filing was a motion, because it sought certain relief from the Court, thus tolling the STA pursuant to 18 U.S.C § 3161(h)(1)(D).

This conclusion is buttressed by the parties' actions at the January 27 hearing. At that hearing, it was clear that the Government asked leave to file a motion. *See, e.g.*, 1/27/23 Hrg. Tr. at 68 (Government requested opportunity to move Court to find that Defendant could not have been afforded testimonial immunity); *id.* at 70 (Government requested opportunity to address a particular jury instruction). And as set forth above, that was also the Defendant's understanding. *Id*. at 78 ([The defense] think[s] these are pretrial briefs. . . . [The defense] think[s] these are pretrial briefs.").

**2.    The parties' filings in the wake of the January 27 hearing constituted post-hearing briefing.**

The STA's exclusion of time for delay resulting from the filing of pretrial motions incudes

4

the time after a hearing, when a district court awaits additional filings from the parties that are needed for proper disposition of the motion. *Henderson v. United States,* 476 U.S. 321, 331 (1986). As the Supreme Court explained:

> The provisions of the Act are designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion. *See, e.g.*, S.Rep. No. 96–212, at 9–10. District courts often find it impossible to resolve motions on which hearings have been held until the parties have submitted posthearing briefs or additional factual materials, *especially where the motion presents complicated issues*. It would not have been sensible for Congress to exclude automatically all the time prior to the hearing on a motion and 30 days after the motion is taken under advisement, but not the time during which the court remains unable to rule because it is awaiting the submission by counsel of additional materials.

*Id.* (emphasis added). Here, the March 14 filing of the Government was also post-hearing briefing on two pending motions: (1) the Defendant's motion to reconsider the denial of his motion to dismiss (ECF # 71), and (2) the Government's motion in limine (ECF # 70).

First, in his motion for reconsideration, the Defendant requested, among other things, an evidentiary hearing regarding the invocation of executive privilege. (ECF # 71, at 1). At the January 27 hearing, the Court stated that it was denying the Defendant's motion for reconsideration insofar as it sought dismissal of the indictment, but the Court indicated a its desire to discuss further the Defendant's request for an evidentiary hearing regarding executive privilege. 1/27/23 Hrg. Tr. at 4 ("If there's no further argument, let me just go ahead and at least rule on the first portion of it. And then we can talk about the evidentiary hearing request and then the discovery request."). After extensive discussion of this issue, the Court invited supplemental briefing on the issue:

> You can tell me that even if it is a defense, it's a defense that can only be determined by a court in advance and it's not a jury question, although I don't think that's probably right. But you can tell me that if you think that's your position.

5

*Id*. at 75.[2]  Accordingly, the parties' filings (ECF Nos. 79, 81, and 82) constituted supplemental briefing addressing the request in the Defendant's motion for reconsideration for a pre-trial hearing.  Those filings, therefore, tolled the STA.[3]  *Henderson*, 476 U.S. at 331.

Second, consistent with the Court's January 19, 2023, Order, finding that there had been no invocation of executive privilege, on January 24, 2023, the Government filed a motion in limine to exclude from trial exhibits related to matters it understood the Court had found inadmissible. (ECF No. 70).  While a number of issues implicating this motion were raised at the January 27 hearing, the Court did not rule on the Government's motion at that time.  The Government's March 14, 2023, filing further addressed the issues regarding the Government's motion in limine that had been raised at the January 27 hearing; it, therefore, constituted appropriate post-hearing briefing.

---

[2]  In a February 2, 2023, Minute Order, the Court stated: "For the reasons stated on the record on January 27, 2023, Defendant's Motion for Reconsideration is denied."  But as set forth above, the portion of Defendant's motion requesting an evidentiary hearing was not resolved on the record at the January 27 hearing.

[3]  In his motion to dismiss, the Defendant several times criticizes the Government's March 14 filing, claiming it failed to address the issues raised at the hearing.  *See, e.g.*, Def. Mot. at 6 ("government's brief . . . studiously avoided the novel legal question presented by the Court."); at 7 ("government's brief was noteworthy in that it did not answer the question posed by the Court.").

The Defendant seems to have overlooked the following passages from the Government's motion:  "*the answer is no; the Department of Justice has not previously taken the position and its existing Office of Legal Counsel (OLC) opinions do not state that if a former president invokes executive privilege as to a subpoena to an aide, in the face of a contrary assertion by a sitting President, that the aide's refusal to appear would not be subject to prosecution.*" (ECF # 79 at 10 (emphasis added)); *see also id.* at 10 (section heading); *id.* at 7 (noting Government's prior statement on this issue was "a mistake": "It is not and has never been the position of the Department of Justice that a proper invocation of either executive privilege or testimonial immunity by a former President can itself justify a former official's complete non-compliance with a congressional subpoena and thereby preclude prosecution of that person for contempt of Congress under Section 192.").

**B.     The period from January 27 until May 28, 2023, should, in the interests of justice, be excluded from the STA calculation.**

Last, the period from January 27 until May 28, 2023, should be excluded based on a discretionary tolling of the STA because "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161 (h)(7)(A). The Supreme Court has observed that the STA "recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *United States v. Zedner*, 547 U.S. 489, 497 (1976).  "Much of the Act's flexibility is furnished by § 3161(h)([7]), which governs ends-of-justice continuances."  *Id.* at 498.  "This provision gives the district court discretion . . . to accommodate limited delays for case-specific needs."  *Id.* at 499.  "Congress clearly meant to give district judges a measure of flexibility in accommodating unusual, complex, and difficult cases." *Id.* at 508.  And it knew "that the many sound grounds for granting ends-of-justice continuances could not be rigidly structured."  *Id.*

Here, the ends of justice served by excluding the relevant period of time outweigh the best interest of the public and the defendant in a speedy trial because this case is "so unusual [and] so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law,[4] that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."  18 U.S.C. § 3161 (h)(7)(B)(ii).  At the January 27 hearing, the Court noted that time was need to determine "what the parameters of the defense case is going to potentially be in this trial."  1/27/23 Hrg. Tr. at 23; *see also id*. at 36 ("[The

---

[4] Both the Court and the parties have described this case as complex and/or novel. *See, e.g.* 1/27/23 Hrg. Tr. at 61 (the Court: "nobody has ever been prosecuted in this situation"); *Id*. at 46 (the defense: "This is not – this all very, very complicated . . . ."), *id*. at 51-52 (defense suggested an interlocutory appeal to sort through legal issues); T. at 68 (the Government: "these are very complicated, very nuanced issues").

7

Court] want[s] to know exactly what this trial is going to look like."); *Id*. at 35 ("We are in a criminal proceeding now, and it seems to [the Court] that we ought to have some pretty clear lines about what the law is before we prosecute somebody, right?"); *Id*. at 40 ("[The Court is] just trying to figure out what this trial is going to look like and what he would be permitted to say as a potential defense."). And the Court determined that these issues should be resolved pretrial. *Id*. at 73.

Accordingly, the Court found that: "the ends of justice outweigh the interests of the public and the defendant in a speedy trial; specifically, affording the parties additional time to vet these issues that we've talked about today warrants the exclusion of time." 1/27/23 Hrg. Tr. at 79. While the Court explicitly made this finding with respect to excluding the period of time necessary to prepare the anticipated filings,[5] the Court had clearly determined that the STA should be tolled while these complex issues were being resolved. To the extent there is any ambiguity about this, the Court may augment the record, as is permitted prior to the disposition of defendant's motion to dismiss. *Zedner*, 547 U.S. at 507 (STA "findings must be put on the record by the time a district court rules on a defendant's motion to dismiss).

C. **The Defendant has waived STA violation that he now asserts and as a result may not challenge the tolling of the STA from January 27 until May 28, 2023.**

At the January 27, 2023, hearing, when the Government raised the STA implications arising from continuing the trial date, the defense stated: "We will waive." 1/27/23 Hrg. Tr. at 78; *see also id*. at 49 ("We don't oppose the government's request for more time and/or to brief the issue."). In fact, it was the defense, who first suggested that the trial should be continued. *Id*. at

---

[5] Defendant argues that that the additional time requested by the Government for preparation of the filing (without objection by the Defendant (ECF # 77, at 1) should not be excluded from the STA calculation. (at 3). This argument is footless. Inasmuch as the Court tolled the STA for the initial period of time necessary for the preparation of motions, it would be absurd not to exclude the additional time for preparation that the Government requested.

8

44 ("Of course, [the defense] wouldn't oppose more time."); *Id*. at 50 ("But [the defense does] have concerns about resolving those trial subpoenas between now and Monday, candidly, because they are going to involve counsel to the President."). The defense also opined that the STA would be tolled by the filing of the anticipated briefs. *Id.* ("[The defense] think[s] these are pretrial briefs. . . . [The defense] think[s] these are pretrial briefs.").[6]

Having endorsed the exclusion of time, as discussed at the January 27 hearing, and having suggested that the anticipated briefing would toll the STA, the Defendant cannot now be heard to claim that that very period of delay violated the STA. *See, e.g., United States v. Clark*, 289 F. App'x 44, 48 (5th Cir. 2008) (no STA violation, where defendant "acquiesced to the district court's grant of a co-defendant's motion to continue, and did not object to the court's finding of excludable time under an 'ends of justice' analysis.'"); *United States v. Green*, 516 F. App'x 113, 122 (3d Cir. 2013) ("Therefore, the [defendant's] attorney's requests for and agreement to continuances exclude them from the days counted towards the Speedy Trial Act clock."); *United States v. Bikundi*, 926 F.3d 761, 779 (D.C. Cir. 2019) (no STA violation, where, among other things, defendant "consented to the next-to-last continuance"); *United States v. White*, 571 F. App'x 20, 24 (2d Cir. 2014) (same); *United States v. Anglin*, 470 F. App'x 511, 513 (7th Cir. 2012) (same); *see also United States v. Gonzalez*, 399 F. App'x 641, 644 (2d Cir. 2010) ("it is 'plausible to regard [a defendant's] active participation and acquiescence in such delays as itself a significant indication of their reasonableness.'").[7]

---

[6] "[Section] 3162(a)(2) assigns the role of spotting violations of the [STA] to defendants—for the obvious reason that they have the greatest incentive to perform this task." *Zedner*, 547 U.S. at 502–03 (2006).

[7] To be clear, the Government is not suggesting that the Defendant has "waived" his STA rights; nor could he. *See Zedner*, 547 U.S. at 500 (2006) ("a defendant may not prospectively waive the

In *United States v. Ntube*, a case cited by the Defendant with no apparent irony (at 6), the court explained, "[n]or was [the STA's] purpose to allow a defendant to 'actively participate[ ] in a continuance' and '*then "sand-bag" the court and the government by counting that time in a speedy trial motion*.'"  1996 WL 808068, at *8 (D.D.C. Dec. 9, 1996) (emphasis added); *cf. United States v. Nordean*, 2022 WL 2375810, at *5 (D.D.C. June 20, 2022) (finding defendant's interpretation of STA, which ignored his own actions, "makes no sense").  This Defendant too should not be allowed to "sand-bag" the Court and the Government.

## VI.  Conclusion.

The STA has not been violated in this case, as it was properly tolled.  The Defendant's motion, therefore, should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/
John Crabb Jr. (N.Y. Bar No. 2367670)
Elizabeth Aloi (D.C. Bar No. 1015864)
Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7212 (Aloi)
elizabeth.aloi@usdoj.gov

---

application of the [Speedy Trial] Act.").  Instead, we are arguing that the Defendant cannot challenge the specific period of delay which he endorsed.