**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**v.**<br><br>**PETER K. NAVARRO,**<br><br>**Defendant.** | **Criminal No. 1:22-cr-00200-APM** |

**DEFENDANT'S SUPPLEMENTAL NOTICE PURSUANT TO FED. R. CRIM. P. 12.3 OF DEFENSES OF PUBLIC AUTHORITY AND ENTRAPMENT BY ESTOPPEL**

Defendant Peter K. Navarro, by and through the undersigned counsel, and pursuant to Rule 12.3 of the Federal Rules of Criminal Procedure, hereby files this supplemental notice of his intent to assert a defense of actual or believed exercise of public authority on behalf of the federal government, as well as a defense of entrapment by estoppel. In support of this supplemental notice, Dr. Navarro states as follows:

The Government has charged Dr. Navarro with two counts of violating 2 U.S.C. § 192, which prohibits "willfully" making default in response to a subpoena for documents and testimony from the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee"). The Supreme Court and the D.C. Circuit have repeatedly explained that "willfully" requires specific intent, *i.e.*, that a defendant acted with knowledge that his actions were unlawful. *Ratzlaf v. United States*, 510 U.S. 135, 137-138 (1994); *Bryan v. United States*, 524 U.S. 184, 191-196 (1988). *See also United States v. Burden*, 934 F.3d 675, 692 (D.C. Cir 2019); *United States v. Zeese*, 437 F. Supp. 3d 86, 94 (D.D.C. 2020).

On August 17, 2022, by a pleading filed with the Court and served on counsel for the Government, Dr. Navarro provided notice of his intent to assert defenses of (A) actual or believed exercise of public authority on behalf of the federal government;[1] and (B) entrapment by estoppel.[2] Alternatively, he will assert at trial that his actions did not violate the statute because he lacked criminal intent and reasonably believed his actions were lawful. Dr. Navarro hereby reasserts his intention to rely on these defenses.

If called to testify at trial, Dr. Navarro will state under oath that President Trump instructed him to assert Executive Privilege in response to the Select Committee's subpoena. He will testify that he informed the Select Committee that President Trump had asserted Executive Privilege and that he therefore was unable to comply with the subpoena. Dr. Navarro also will testify that he asked the Select Committee to negotiate the parameters of the privilege with President Trump as its holder, and that it refused to do so.[3]

Dr. Navarro's response to the Select Committee's subpoena closely resembled the assertion of Executive Privilege he provided in response to a subpoena the Coronavirus Subcommittee issued to him in November 2021. Shortly after service of that subpoena, President Trump publicly instructed Dr. Navarro to respond by asserting Executive Privilege: "I'm telling

---

[1] Dr. Navarro acted in reasonable reliance upon a grant of actual or apparent authority by a government official. *See* "Public Authority Defense," *U.S. Department of Justice Criminal Resource Manual* at 2055 (archived), available at https://www.justice.gov/archives/jm/criminal-resource-manual-2055-public-authority-defense.

[2] The defense of entrapment by estoppel is supported by evidence that a government official committed an error, and Dr. Navarro violated the law while relying on that error. *See United States v. Chrestman*, 525 F.Supp. 3d 14 (D.D.C. 2021).

[3] The Select Committee knew that President Trump had contemporaneously directed Dr. Navarro to invoke Executive Privilege in response to a subpoena issued by the House Select Subcommittee on the Coronavirus Crisis ("Coronavirus Subcommittee"). Despite this knowledge (or perhaps because of it), neither the Select Committee's Members or staff ever attempted to contact President Trump or his counsel.

Peter Navarro to protect executive privilege and not let these unhinged Democrats discredit our great accomplishments." (Statement posted on Twitter on November 20, 2021, by President Trump aide Elizabeth Harrington). Dr. Navarro acted with public authority when, in November and December 2021, he notified the Coronavirus Subcommittee that he could not comply with its subpoena due President Trump's instructions. When the Coronavirus Subcommittee dropped the matter, Dr. Navarro reasonably understood that it, and more broadly, the House of Representatives, recognized both the validity of his invocation of privilege and the Separation of Powers that are inherent in any attempt by Congress to compel a Senior Presidential Advisor to comply with a subpoena.

President Trump's public instructions to Dr. Navarro occurred near the same time the Select Committee was aggressively issuing subpoenas to other Senior Advisors with whom Dr. Navarro worked at the White House. On September 23, 2021, nine days after Dr. Navarro received a letter from the Coronavirus Subcommittee for the production of documents, and two months before President Trump's public instruction regarding Executive Privilege, the Select Committee issued subpoenas to Senior Advisors Dan Scavino, Mark Meadows, Kash Patel and Steve Bannon, all of whom responded by asserting Executive Privilege. Dr. Navarro had worked very closely with these individuals during his White House service, and he understood that President Trump's instruction to assert Executive Privilege applied to all subpoenas issued by Congress, including the one he anticipated he would receive from the Select Committee as a Senior Advisor to President Trump.

On or about February 9, 2022, the Select Committee issued a subpoena to Dr. Navarro for documents and deposition testimony. Pursuant to the directions he received from President Trump regarding that subpoena, Dr. Navarro again acted with public

authority and notified the Select Committee that he was unable to comply. Dr. Navarro knew that President Trump's instructions regarding the Select Committee's subpoena followed the long-standing policy of DOJ's Office of Legal Counsel. That policy provided that Senior Presidential Advisors have absolute testimonial immunity from Congressional subpoenas.

On May 31, 2022, Dr. Navarro filed a lawsuit of his own in this Court against the Select Committee and its Members and likewise reminded them of DOJ's policy:

> As OLC notes: "Since the 1970s, this Office has consistently held that 'the President and his immediate advisors are absolutely immune from testimonial compulsion by a Congressional committee' on matters related to their official duties'" and "[t]he President and his immediate advisors – that is, those who customarily meet with the President on a regular and frequent basis – should be deemed absolutely immune from testimonial compulsion by a congressional committee.' Indeed, this Office has endorsed that legal principle on more than a dozen occasion, oft the course of the last eight administrations." Memorandum for Pat. A. Cipollone Counsel To The President Re: Testimonial Immunity Before Congress of the Former Counsel to the President, May 19, 2019. [4]

Dr. Navarro responded to the Select Committee's subpoena in accordance with the principles of Separation of Powers, Executive Privilege, and the absolute immunity of Senior Presidential Advisors from congressional process that has been DOJ's articulated policy for more than fifty years. While not an attorney, Dr. Navarro's actions were based on his correct and reasonable understanding that he was unable to comply with the subpoena without violating the instructions he received from President Trump. His actions likewise were lawful and consistent with established DOJ policy against attempts by Congress to compel the testimony of senior White House officials.

---

[4] *Peter Navarro v. Nancy Pelosi, et al* (Case 1:22-cv-01519-RDM), Preliminary Statement ¶ 15.

Dated: July 5, 2023

Respectfully Submitted,

E&W Law, LLC

/s/ John S. Irving
John S. Irving (D.C. Bar No. 460068)
1455 Pennsylvania Avenue, N.W., Suite 400
Washington, D.C. 20004
Telephone: (301) 807-5670
Email: john.irving@earthandwatergroup.com

SECIL LAW PLLC

/s/ John P. Rowley, III
John P. Rowley, III (D.C. Bar No. 392629)
1701 Pennsylvania Ave., N.W., Suite 200
Washington, D.C. 20006
Telephone: (202) 417-8652
Email: jrowley@secillaw.com

BRAND WOODWARD LAW, LP

*/s/ Stanley E. Woodward, Jr.*
Stan M. Brand (D.C. Bar No. 213082)
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
1808 Park Road NW
Washington, DC 20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel to Dr. Peter K. Navarro*