UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| | : | CRIMINAL NO. 22-cr-200 (APM) |
| v. | : | |
| | : | |
| PETER K. NAVARRO, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S SUPPLEMENT TO ITS PENDING MOTION
TO PRECLUDE EVIDENCE OF ENTRAPMENT BY ESTOPPEL**

The government hereby supplements its pending motion (ECF # 58) to preclude the defendant from introducing at trial any evidence in support of the affirmative defense of entrapment by estoppel.

**I.   Introduction.**

Despite having been given numerous opportunities, the defendant has utterly failed to make an adequate proffer in support of the affirmative defense of entrapment by estoppel. Assuming the defendant's proffer to be true, the Court should conclude as a matter of law that he cannot establish the defense of entrapment by estoppel. Accordingly, evidence regarding this defense would be irrelevant; the defendant, therefore, should be precluded from introducing any such evidence at trial.

**II.   The defendant's proffer regarding entrapment by estoppel is insufficient.**

On August 17, 2022, the defendant noted his intention assert the affirmative defense of entrapment by estoppel, which the government later sought to exclude. (ECF #s 36, 58). But the Court found that the defendant's notice was deficient:

> This court finds that, without a more precise factual proffer, the entrapment by estoppel defense is not available to Defendant.  At most, Defendant has proffered through counsel that he had a "conversation" with President Trump from which he "understood he was supposed to invoke executive privilege." He has said nothing more.  Therefore, even if Defendant could assert as the basis for the defense that he perceived President Trump as having apparent authority to instruct him not to appear before the Select Committee, the court cannot assess, at a minimum, whether President Trump "actively misled [him] about the state of the law" or whether his reliance was reasonable.

*United States v. Navarro*, No. 22-CR-200 (APM), 2023 WL 371968, at *15 (D.D.C. Jan. 19, 2023) (citations omitted).

Thereafter, the defendant submitted a letter dated January 23, 2023, from former President Trump's attorney, which stated: "you had an obligation to assert executive privilege on [former President Trump's] behalf and fully comply with the principles of confidentiality stated above when you responded to the Committee's subpoena."  (ECF # 71-1, at 3).  Again, the Court found the defendant's proffer lacking.  Trans Jan. 27, 2023, Hearing at 5-6, 35.  Accordingly, the Court afforded the defendant another opportunity to make a sufficient proffer.  *Id.* at 77 (defendant ordered to provide basis for entrapment by estopped by February 28, 2023).

The defendant did not provide any information regarding his assertion of entrapment by estoppel, as directed by the Court.  Nevertheless, on June 22, 2023, the Court ordered the defendant to provide the requisite proffer by July 5, 2023.  And on that date, the defendant submitted a "Supplemental Notice" (ECF #92), in which he stated: "[former] President Trump instructed him to assert Executive Privilege in response to the Select Committee's subpoena."[1]

---

[1] The defendant captioned his pleading as a supplemental notice of the public authority defense and entrapment by estoppel defense, but, as the Court already found, the former defense is not available to him; it was only entrapment by estoppel for which the defendant was invited to submit additional information.  *See* ECF No. 68 at 35 ("The public authority defense is unavailable to the defendant.  Even if former President Trump did direct defendant not to appear before the Select Committee, he was a private citizen at the time, without actual authority to approve the defendant's criminal activity.") (internal citations and quotations omitted).

### III. The defendant should be precluded from presenting any evidence in support of the affirmative defense of entrapment by estoppel.

While an entrapment defense is often for the jury to assess, when the defendant cannot establish entrapment as a matter of law, it should be resolved by the Court before trial. *United States v. Plowman*, 700 F.3d 1052, 1057 (7th Cir. 2012); *see also United States v. Gurolla*, 333 F.3d 944, 952 n.8 (9th Cir. 2003) ("A district court may require a defendant to submit a pretrial offer of proof on an entrapment defense; if the defendant fails to make a prima facie showing, the district court may preclude him from presenting the defense at trial."). In resolving this issue, the Court "must accept the defendant's proffered evidence as true and not weigh the government's evidence against it." *United States v. Mercado*, 53 F.4th 1071, 1080 (7th Cir. 2022); *United States v. Santiago-Godinez*, 12 F.3d 722, 727 (7th Cir. 1993) ("Under the circumstances of this case, however, the district court accepted as true the proffered evidence of entrapment thereby erasing the issue of credibility. Thus, where the evidence proffered in response to a motion in limine raised by the government is insufficient as a matter of law to support the affirmative defense, a pretrial ruling precluding the presentation of the defense at trial may be appropriate.").

After several false starts, the defendant now claims that the former president had "instructed him to assert Executive Privilege in response to the Select Committee's subpoena," (ECF # 92 at 2). Even if the Court accepts this proffer as true, the defendant still cannot satisfy the elements of the affirmative defense of entrapment by estoppel. This is so because the defendant cannot establish, as a matter of law, that either (1) he "actually relied on the [former president's] misleading pronouncement in committing the offense" or (2) his "reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation." *Navarro*, 2023 WL 371968, at *14 (citations omitted).

The defendant's claimed invocation of executive privilege would have only justified an assertion of privilege, before the Select Committee, regarding particular documents or testimony seeking information about communications between the defendant and the former President himself, after giving each item "personal consideration." *See* ECF No. 68 (Order, January 19, 2023, citing *McClelland v. Andrus*, 606 F. 2d at 1290 n. 59 (D.C. Cir. 1979). Therefore, even if the Court credits the defendant's claim that the former president instructed him to assert privilege as to all questions that might have been asked of him at the deposition and as to all documents called for by the subpoena, such an assertion would not have been proper – and could not have justified a blanket refusal to appear.[2] Furthermore, inasmuch as the Department of Justice has never taken the position that the recipient of a congressional subpoena may simply ignore it, any reliance that the defendant may have placed on the alleged directive from former President Trump was not reasonable.

Since the defendant cannot establish the defense of entrapment by estoppel, he should be precluded from introducing any evidence related to that defense. Any such evidence would be irrelevant, as it does not relate to a fact "of consequence in determining the action" Fed. R. Evid. 401(b); thus it is not admissible. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Even if evidence regarding the former president's alleged invocation of executive privilege had a scintilla of relevance, it should still be excluded as its scant probative value would be "substantially outweighed by a danger of" "unfair prejudice, confusing the issues, [and] misleading the jury." Fed. R. Evid. 403. *United States v. Dakins*, 872 F.2d 1061 (D.C. Cir. 1989), is instructive in this regard.

---

[2] Adding to the impropriety of the assertion is the fact that the defendant told the Select Committee "executive privilege" before even receiving its subpoena and learning what information it sought.

4

In *Dakins*, the defendant claimed that he been entrapped by an informant, and he sought to introduce evidence of misconduct by the informant's handling agent. *Id.* at 1063. The Court of Appeals held that the proffered evidence was irrelevant, and then noted that, even if relevant, the evidence was excludable because it had a tendency to confuse or mislead the jury. *Id.; see also English v. District of Columbia*, 651 F.3d 1, 9 (D.C. Cir. 2011) (in excessive force case, report regarding altercation properly excluded as it was likely to confuse jury and unfairly prejudice government, because whether detective violated police policy by firing second and third shots was only tenuously relevant to whether decedent's constitutional rights were violated by detective's actions); *United States v. Jones*, 768 F.3d 1096, 1104 (10th Cir. 2014) (in prosecution for allowing livestock to graze without authorization on public lands, official's "mere opinion" that Wyoming's fence-out law should apply properly precluded because it "would most likely have confused and misled the jury, keeping them from concentrating on applicable law or criminal elements required to convict or acquit"); *United States v. Stringer*, 739 F.3d 391, 396 (8th Cir. 2013) (in child pornography case, evidence that victim was emancipated at time defendant photographed her was excluded, because it "would 'confuse the jury'"); *United States v. Laguna*, 693 F.3d 727, 730–731 (7th Cir. 2012) (properly excluding defendant's proposed evidence—that Immigration and Custom Enforcement's indifference to whether he obtained a passport formed the basis of his belief that he did not willfully interfere with final deportation order—as "irrelevant" because it would do "nothing more than confuse the jury—or in this case, invite the jury to acquit even if the government satisfied each element of the charged offense").

**IV.     Conclusion.**

As this Court has already found, *Licavoli v. United States*, 294 F. 2d. 207 (D.C. Cir. 1961), forecloses any defense premised solely on the defendant's claimed belief that former President Trump's invocation of executive privilege excused his nonappearance before the Select Committee. *See* ECF No. 68 at 30-21.  The defendant should be precluded from introducing any evidence regarding the invocation of executive privilege, since he cannot – as a matter of law – establish the affirmative defense of entrapment by estoppel.

                    Respectfully submitted,

                    MATTHEW M. GRAVES
                    United States Attorney
                    D.C. Bar No. 481052

By:    */s/Elizabeth Aloi*
        John Crabb
        Elizabeth Aloi (D.C. Bar No. 1015864)
        Assistant United States Attorneys
        United States Attorney's Office
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 252-7212 (Aloi)
        elizabeth.aloi@usdoj.gov