UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 22-cr-200 (APM) |
| | ) | |
| **PETER K. NAVARRO,** | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**I.**

Before the court is the United States' motion in *limine* to exclude exhibits in advance of trial. *See* U.S. Mot. in Limine to Exclude Exs. Consistent with the Court's Jan. 19, 2023 Order, ECF No. 70 [hereinafter U.S. Mot.]. For the reasons that follow, the motion is granted in part.

**II.**

*Defense Exhibits 1 through 4.*[1] These exhibits are not relevant as they pertain to a different congressional subpoena (one issued by the House Select Committee on the Coronavirus Crisis), and the court has ruled that Defendant cannot rely on the events relating to that subpoena as part of a valid defense. *See United States v. Navarro*, No. 22-cr-200 (APM), 2023 WL 371968, at *4 (D.D.C. Jan. 19, 2023); Mem. Op. and Order on Entrapment by Estoppel and Public Authority Defenses, ECF No. 97 [hereafter Entrapment Mem.], at 3–4. Also, to the extent that these exhibits have any probative value, it "is substantially outweighed by the danger of . . . confusion of the

---

[1] The court has done its best to try to match the exhibits identified in the government's motion with those contained in Exhibit A to the motion. *See* U.S. Mot., Ex. 1, ECF No. 70-1. Exhibit A does not differentiate by defense exhibit number, and it includes more exhibits than contained on the defense Exhibit List submitted with the Joint Pretrial Statement. *See* Joint Pretrial Statement, ECF No. 61, Defendant's Ex. List, ECF No. 61-6.

issues" or "misleading the jury." FED. R. EVID. 403. The introduction of evidence about a different congressional subpoena could confuse or mislead the jury about the subject of the indictment.

*Defense Exhibits 7, 8, 10, and 11.* The United States contends that these exhibits "contain self-serving hearsay and will improperly inject issues relating to executive privilege into the trial." U.S. Mot. at 2. The court reserves ruling on the admissibility of these exhibits pending a defense proffer as to their relevance.

*Defense Exhibits 13–16 and 22–25.* These exhibits are communications, including drafts of a complaint, between Defendant and third parties that post-date the charged offense. *Id.* at 3. These exhibits are excluded from trial, as there is no obvious relevance to them[2] and any probative value is outweighed by the danger of confusion of the issues or misleading the jury.

*Defendant Exhibit 15.*  Accordingly, Exhibit 15 is excluded from trial.

*Defendant Exhibit 18.* The court defers ruling on the admissibility of the Verizon toll records pending a defense proffer as to their relevance.

*Defendant Exhibits 20 and 21.* Exhibits 20 and 21 are news articles published in the fall of 2021. U.S. Mot. at 4. The news articles are excluded as they are not relevant to any element or

---

[2] The court has noted in prior opinions that Defendant "need not have known his conduct was unlawful to be convicted of contempt of Congress." Entrapment Mem. at 2; *see Licavoli v. United States*, 294 F.2d 207, 208 (D.C. Cir. 1961) ("Evil motive is not a necessary ingredient of willfulness under this clause of the statute. A deliberate intention not to appear is sufficient."). Thus, these exhibits could not be introduced to establish a good faith mistake of law.

defense (including the defense of entrapment by estoppel), *see* Entrapment Mem. at 3–4, and any probative value is outweighed by the danger of confusion of the issues or misleading the jury.

Dated: July 28, 2023

_____
Amit P. Mehta
United States District Court Judge