UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 22-cr-200 (APM) |
| v.   : | |
| : | |
| PETER K. NAVARRO,  : | |
| : | |
| Defendant.   : | |

**UNITED STATES' OPPOSITION TO
DEFENDANT'S MOTION FOR A CONTINUANCE**

The Defendant has asked the Court to continue the August 28, 2023, hearing and September 5, 2023, trial in this matter, citing concerns regarding the availability of potential defense witness Elizabeth Harrington. Yet, the Defendant's own proffer of Ms. Harrington's proposed testimony reveals it to be inadmissible. Moreover, it was the Defendant's own choice to agree to a hearing on a date on which Ms. Harrington is likely unavailable. Because the Defendant's own pleading fails to establish any cause to move the evidentiary hearing or trial date, much less good cause, it should be denied.

I. **There is No Cause to Continue the Hearing Date to Accommodate the Defendant's Own Strategic Decision**

By his own admissions, the Defendant acknowledges learning of Ms. Harrington's pregnancy on July 26, 2023, a full month after the Court first asked the parties to hold the August 28, 2023, date, and following the Court's repeated efforts to schedule this trial long before Ms. Harrington's due date. *See, e.g.,* May 2, 2023, email from chambers to counsel, attached as Exhibit 1. Despite learning of the issue about two weeks ago, the Defendant chose not to bring the conflict to the Court's attention until the eleventh hour, even though the Defendant had ample opportunity to do so before the hearing date was even set. To the extent that the Defendant's own strategic decision or dilatory actions created the unavailability of its own witness, that is not a basis to

continue either the hearing or the trial. Should the Court disagree with the Government's understanding of the admissibility of Ms. Harrington's testimony, discussed below, rather than continue the hearing, the Defendant should make Ms. Harrington available for either live or virtual testimony before August 28, 2023, and maintain that date for the balance of the hearing.

        II.       **The Defense's Own Proffer of Ms. Harrington's Anticipated Testimony Does Not Establish its Relevance to the Evidentiary Hearing or Pending Charges**

According to the Defendant, Ms. Harrington will testify that, "on February 9, 2022, after Dr. Navarro was served with the subpoena, he sent her the media statement he planned to publicly issue that day… Ms. Harrington immediately conveyed the statement to two of President Trump's other aides and, later that day, Dr. Navarro publicly released the statement." ECF No. 101 at ¶ 5. This information is, generally speaking, not in dispute, and these are facts to which the Government could likely stipulate, although the Defendant's language may be imprecise as to the timing of Ms. Harrington's actions.[1] Nor is the information relevant to the matters at issue for the August 28 evidentiary hearing.

[REDACTED]

---

[1] Contrary to the Defendant's suggestion (at ¶ 5), Defense Exhibit 7 does not demonstrate that Ms. Harrington, "immediately conveyed the statement to two of President Trump's other aides." Defense Exhibit 7 is a single message from the Defendant to Ms. Harrington in which he tells her that he has been subpoenaed and asks her to share his public statement with "the Boss." *See* Defense Exhibit 7 (attached as Exhibit 3). [REDACTED]

[2] This also occurred *after* the Defendant told the January 6 Committee, "executive privilege." *See* February 9, 2022, emails, attached as Exhibit 4.

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████

  Even if true, none of these facts are probative of the very specific issues of testimonial immunity and executive privilege to be discussed at the August 28, 2023, evidentiary hearing. As to Count One, to succeed on his claims of executive privilege, the Defendant must demonstrate that every record responsive to the subpoena he received from the January 6 Committee related to official acts and that the former President invoked executive privilege after personal consideration. ECF No. 96 at 4. Ms. Harrington's proposed testimony tells one nothing about these issues. As to Court Two, the Defendant must demonstrate that there was an actual, proper, and sufficiently formal invocation of testimonial immunity by the former President, *id*. at 4-5, and this Court must find that the Defendant did not waive such claim by failing to raise it before the Committee. This too, is not the subject of Ms. Harrington's proposed testimony. ████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████

3

**III.     Conclusion**

For the foregoing reasons, the Court should deny the Defendant's motion.

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES
                                        United States Attorney
                                        D.C. Bar No. 481052

By:    */s/ Elizabeth Aloi*
           John D. Crabb
           Elizabeth Aloi (D.C. 1015864)
           Assistant United States Attorneys
           United States Attorney's Office
           601 D Street, N.W.
           Washington, D.C. 20530
           (202) 252-7212 (Aloi)
           elizabeth.aloi@usdoj.gov