IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 1:22-cr-00200-APM |
| | ) |
| PETER K. NAVARRO, | ) |
| | ) |
| Defendant. | ) |

## MOTION *IN LIMINE*

Defendant Dr. Peter K. Navarro, by and through the undersigned counsel, and pursuant to Rules 103, 401, and 403 of the Federal Rules of Evidence, respectfully moves this Court for an Order precluding: (i) the government from referencing Dr. Navarro's assertion of executive privilege before the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol; and (ii) the government from arguing that Dr. Navarro was required to provide a privilege log and/or a written certification that he conducted a diligent search for records as these actions have no relevance with respect to the government's burden of proving the elements of the offense of contempt of Congress.

I. PROCEDURAL BACKGROUND

Never before has a former senior Presidential advisor been charged with contempt of congress pursuant to 18 U.S.C. § 192, following an assertion of executive privilege over communications during that advisor's tenure and for which he believed he was duty-bound to follow. *Comm. on the Judiciary v. McGahn*, 415 F. Supp. 3d 148, 213 n.34 (D.D.C. 2019) ("[T]he President can certainly identify sensitive information that he deems subject to executive privilege, and his doing so gives rise *to a legal duty* on the part of the aide to invoke the privilege on the President's behalf . . . ." (internal citation omitted) (citing *United States v. Nixon*, 418 U.S. 683,

1

713 (1974)). On Monday, August 28, 2023, the Court held an evidentiary hearing to determine whether former President Trump had actually and properly directed Dr. Navarro to invoke executive privilege in response to the Select Committee's subpoena, thereby constitutionally proscribing his prosecution for contempt of Congress. Although the Court concluded that Dr. Navarro had not presented evidence sufficient to show that former President Trump had "formally" invoked executive privilege, it also acknowledged that it was beyond dispute that Dr. Navarro *believed* former President Trump had properly invoked the privilege and that he was following President Trump's instructions in failing to provide documents to and/or appearing before the Select Committee pursuant to its subpoena.

Accordingly, Dr. Navarro acknowledges, for purposes of the relief requested in the instant motion, that this Court has determined that this Circuit's precedent, "forecloses a defense premised solely on Defendant's claimed belief that President Trump's invocation of executive privilege excused his nonappearance before the Select Committee." Order at 30-31 (Jan. 19, 2023) (ECF No. 68) (citing *Licavoli v. United States*, 294 F.2d 207, 208 (D.C. Cir. 1961)). The question now presented is what effect the Court's rulings have on the presentation of evidence in a jury trial in this matter.

Following the Court's ruling, on Wednesday August 30, 2023, defense counsel immediately engaged government counsel in an effort to craft a stipulation of facts the government intended to prove at trial and thereby avoid unnecessarily utilizing government and judicial resources and expediting appellate review of the Court's rulings in this case. Ultimately, those negotiations proved unsuccessful because of the government's insistence that the stipulation include two ultimate issues of fact for determination by the trier of fact. For the first time, the government made clear that it: (a) intended to argue that Dr. Navarro's assertion of executive privilege is proof of his "willful" failure to comply with the Select Committee's subpoena; and (b)

that Dr. Navarro's failure to provide a privilege log and/or otherwise certify compliance with the records request of the Select Committee's subpoena is proof of his "willful" failure to comply with the same.

I. LEGAL STANDARD AND ARGUMENT

"To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103(d). *See also United States v. Young*, 470 U.S. 1, 10 (1985) ("[T]he trial judge has the responsibility to maintain decorum in keeping with the nature of the proceeding; the judge is not a mere moderator, but the governor of the trial for the purpose of assuring its proper conduct." (internal quotation omitted)). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Moreover, even relevant evidence may properly be excluded, "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [and/or] misleading the jury." Fed. R. Evid. 403. In service of this responsibility, the Court has broad discretion to determine whether evidence or argument can properly be presented at trial. *See United States v. Morgan*, 581 F.2d 933, 936 (D.C. Cir. 1978) ("The district court has wide discretion to admit or exclude evidence where the question is one of relevancy or materiality"); *United States v. Tarantino*, 846 F.2d 1384, 1410 (D.C. Cir. 1988) (finding it was within trial court's discretion to exclude testimony sought only to impeach witness's credibility).

To that end, motions *in limine* assist the Court in serving its gate-keeping function to keep incompetent evidence and improper argument from the jury by excluding such things in advance of trial. *United States v. Zeese*, 437 F. Supp. 3d 86, 92 (D.D.C. 2020) ("Pretrial motions *in limine* effectuate [Rule 103(d)'s] directive" that inadmissible evidence not be suggested to the jury by any means, and a "pre-trial ruling, if possible, may generally be the better practice, for it permits

3

counsel to make the necessary strategic determinations.'" (quoting *United States v. Jackson*, 627 F.2d 1198, 1209 (D.C. Cir. 1980)). Here, the Court should exercise its authority to ensure that inadmissible, or otherwise excludable evidence is not suggested to the jury in any way.

      a. *Executive Privilege*

As noted, the Court has precluded Dr. Navarro from relying on his assertion of executive privilege on behalf of former President Trump as a defense in this matter: "Defendant similarly cannot argue that his failure to appear was unintentional or not deliberate because he believed in good faith that President Trump's purported invocation of executive privilege excused his appearance." Order at 31 (Jan. 19, 2023) (ECF No. 68) (citing *Licavoli*, 294 F.2d at 208). Specifically, the Court quoted *Licavoli*, for the premise that: "Evil motive is not a necessary ingredient of willfulness under this clause of the statute. A deliberate intention not to appear is sufficient."

Nevertheless, it is the government's burden to prove, beyond a reasonable doubt, that Dr. Navarro's failure to comply with the Select Committee's subpoena was "willful." *See* 2 U.S.C. § 198 ("Every person who having been summoned as a witness by the authority of either House of Congress to give testimony or to produce papers upon any matter under inquiry . . . *willfully* makes default . . . shall be deemed guilty of a misdemeanor . . . ." (emphasis added)). In *Licavoli*, the Circuit observed that "willfully" is, "a necessary adverb in defining defaults which are subject to penalties," and that, "a failure to respond to a subpoena might be due to many causes other than deliberate intention, e.g., illness, travel trouble, misunderstanding, etc." *Licavoli*, 294 F.2d at 208.

Here, Dr. Navarro seeks an Order of the Court precluding the government from referring to the fact that Dr. Navarro asserted executive privilege, including any argument that Dr. Navarro's assertion of executive privilege is evidence of his having "willfully" defaulted. Dr. Navarro believes the government intends to argue that because Dr. Navarro repeatedly asserted executive

4

privilege he could not have complied with the Select Committee's subpoena and that, therefore, no other reason prevented him from responding.

*First*, because the Court has precluded Dr. Navarro from asserting executive privilege as a defense, evidence pertaining to executive privilege is no longer relevant to the elements the government is required to prove in this case. Indeed, the Select Committee's own actions belie any suggestion that Dr. Navarro's assertion of executive privilege precluded his attendance at a deposition in this action. To whit, on March 2, 2023, the Select Committee's staff were prepared to proceed with Dr. Navarro's deposition and opened the record of the same.

*Second*, even were the Court to conclude that Dr. Navarro's assertion of executive privilege, "has a tendency to make a fact more or less probable than it would be without the evidence," Fed. R. Evid. 401, admission of his assertion of executive privilege would unfairly prejudice Dr. Navarro; would confuse the issues for the jury; and would mislead the jury. Fed. R. Evid. 403. It would be patently unfair to bar Dr. Navarro from explaining why he believed former President Trump's invocation of executive privilege *required* him not to attend his deposition while simultaneously permitting the government to argue that the invocation proves that he acted "willfully." Given the plethora of other evidence the government could use to show Dr. Navarro lacked any other reason not to appear, any probative value of Dr. Navarro's privilege assertion is vastly outweighed by the unfair prejudice, confusion of the issues, and/or its misleading effect on the jury. Accordingly, this Court should preclude the government from relying on Dr. Navarro's assertion of executive privilege to relieve it from its burden to prove, beyond a reasonable doubt, that Dr. Navarro's failure to produce papers and/or appear before the Select Committee was willful.

### b.  Privilege Log and/or Certification

The Court should also preclude the government from arguing that Dr. Navarro's failure to provide a privilege log and/or to provide any "certification" that he had conducted a diligent search

5

for records responsive to the Select Committee's subpoena is proof of his "willful" failure to comply with the subpoena.

*First*, district courts have no authority to compel witnesses to draft and provide privilege logs concerning executive privilege to Congressional committees. *See Comm. on the Judiciary v. Miers*, 558 F. Supp. 2d 53, 107 (D.D.C. 2008) ("[I]n the absence of an applicable statute or controlling case law, the Court does not have a ready ground by which to *force* the Executive to make such a production strictly in response to a congressional subpoena."). *Second*, neither the Select Committee, nor the government, cite any authority, and defense counsel is aware of none, for the proposition that Dr. Navarro had an obligation to "certify" his compliance with the Select Committee's subpoena. *See Chavez v. Martinez*, 538 U.S. 760, 771-772 (2003) ("Among . . . the prophylactic rules designed to safeguard the core constitutional right protected by the Self-Incrimination Clause . . . is an evidentiary privilege that protects witnesses from being forced to give incriminating testimony, even in noncriminal cases, unless that testimony has been immunized from use and derivative use in a future criminal proceeding before it is compelled."). Accordingly, Dr. Navarro's failure to submit a privilege log and/or his failure to certify that he complied with the subpoena is wholly irrelevant to the question of whether he "willfully" failed to provide responsive records. Moreover, even if relevant, the absence of any legal authority requiring the same makes the fact that neither a privilege log nor a certification were provided confusing and/or misleading to the jury.

## CONCLUSION

For the foregoing reasons, Dr. Navarro respectfully requests this Court enter an Order precluding the government from referencing or otherwise arguing that Dr. Navarro asserted executive privilege before the Select Committee and/or failed to provide a privilege log and/or a certification of completion to the Select Committee in response to its subpoena.

for records responsive to the Select Committee's subpoena is proof of his "willful" failure to comply with the subpoena.

*First*, district courts have no authority to compel witnesses to draft and provide privilege logs concerning executive privilege to Congressional committees. *See Comm. on the Judiciary v. Miers*, 558 F. Supp. 2d 53, 107 (D.D.C. 2008) ("[I]n the absence of an applicable statute or controlling case law, the Court does not have a ready ground by which to *force* the Executive to make such a production strictly in response to a congressional subpoena."). *Second*, neither the Select Committee, nor the government, cite any authority, and defense counsel is aware of none, for the proposition that Dr. Navarro had an obligation to "certify" his compliance with the Select Committee's subpoena. *See Chavez v. Martinez*, 538 U.S. 760, 771-772 (2003) ("Among . . . the prophylactic rules designed to safeguard the core constitutional right protected by the Self-Incrimination Clause . . . is an evidentiary privilege that protects witnesses from being forced to give incriminating testimony, even in noncriminal cases, unless that testimony has been immunized from use and derivative use in a future criminal proceeding before it is compelled."). Accordingly, Dr. Navarro's failure to submit a privilege log and/or his failure to certify that he complied with the subpoena is wholly irrelevant to the question of whether he "willfully" failed to provide responsive records. Moreover, even if relevant, the absence of any legal authority requiring the same makes the fact that neither a privilege log nor a certification were provided confusing and/or misleading to the jury.

## CONCLUSION

For the foregoing reasons, Dr. Navarro respectfully requests this Court enter an Order precluding the government from referencing or otherwise arguing that Dr. Navarro asserted executive privilege before the Select Committee and/or failed to provide a privilege log and/or a certification of completion to the Select Committee in response to its subpoena.

| | |
|---|---|
| Dated: September 4, 2023 | Respectfully Submitted, |

E&W Law, LLC

    /s/ John S. Irving
John S. Irving (D.C. Bar No. 460068)
1455 Pennsylvania Avenue, N.W., Suite 400
Washington, D.C. 20004
Telephone: (301) 807-5670
Email: john.irving@earthandwatergroup.com

SECIL LAW PLLC

    /s/ John P. Rowley, III
John P. Rowley, III  (D.C. Bar No. 392629)
1701 Pennsylvania Ave., N.W., Suite 200
Washington, D.C. 20006
Telephone: (703) 417-8652
Email: jrowley@secillaw.com

BRAND WOODWARD LAW, LP

    */s/ Stanley E. Woodward, Jr.*
Stan M. Brand (D.C. Bar No. 213082)
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
400 Fifth Street, Northwest, Suite 350
Washington, DC  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel to Dr. Peter K. Navarro*

## **CERTIFICATE OF SERVICE**

On September 4, 2023, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

Respectfully submitted,

*/s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
400 Fifth Street, Northwest, Suite 350
Washington, DC  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Dr. Peter K. Navarro*