**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| | : | **CRIMINAL NO. 22-cr-200 (APM)** |
| **v.** | : | |
| | : | |
| **PETER K. NAVARRO,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITON TO DEFENDANT'S**
**MOTION IN LIMINE REGARDING EXECUTIVE PRIVILEGE**

The Government hereby opposes Defendant's motion to preclude the Government from referencing at trial (1) Defendant's assertion of executive privilege and (2) his failure to provide a privilege log.  The evidence the Defendant seeks to exclude is admissible under Federal Rule of Evidence 401 as direct evidence of the defendant's willfulness, which is an element of the offense the government must prove.  For this reason, the Defendant's motion is baseless.

**I.      Introduction.**

To meet its burden at trial, the Government must prove beyond a reasonable doubt that the Defendant's failure or refusal to comply with the January 6th Committee's subpoena was willful.  In other words, that it was deliberate and intentional and not the result of inadvertence, accident, or mistake.  Evidence of the Defendant's state of mind, then is, directly relevant to proving whether his default was intentional, and not by accident.  Such evidence is, therefore, admissible under Rule 401.

Defendant Navarro now acknowledges that this Court has determined that this Circuit's precedent, "forecloses a defense premised solely on Defendant's claimed belief that President Trump's invocation of executive privilege excused his nonappearance before the Select

Committee." Order at 30-31 (Jan. 19, 2023) (ECF No. 68) (citing *Licavoli v. United States*, 294 F.2d 207, 208 (D.C. Cir. 1961)).  But, as the Defendant notes, the decision forecloses executive privilege only as a legal defense – it does not preclude the evidence of the Defendant's purported assertion of executive privilege as direct evidence of his state of mind. For this reason, the Defendant's motion fails.  In other words, the fact that executive privilege is not a legal defense does not mean that the defendant's purported assertion of that privilege is not relevant to determining the willfulness of the Defendant's conduct.  There is nothing "patently unfair" (Mot. at 5) about precluding an unavailable defense, while admitting relevant evidence.  The law governing what is a legal defense and what is admissible evidence in the Government's case-in-chief is different and precluding the former is not dispositive of the latter.

## II.     The Evidence the Defendant Seeks to Exclude is Admissible Under Rule 401

At trial the Government expects to offer evidence that Defendant Navarro raised "executive privilege" as a reason not to comply with the January 6 Committee's subpoena. Such evidence will be offered through the Defendant's own email communications with the Committee, and testimony from the Committee staffer with whom he communicated.[1]  The Government further expects to offer evidence that, in response to the Defendant's assertion, the Committee explained that executive privilege would not excuse his noncompliance.  This colloquy between the Defendant and the Select Committee is direct evidence that his default was intentional in so far as it shows

---

[1] The Defendant's untimely motion comes on the eve of trial, despite having known for months of the government's intention to admit such evidence. Indeed, the government's exhibits, which contain the information the Defendant now seeks to exclude, were first disclosed to the Defendant last November.  On November 2, 2022, the defendant informed the government that it would not move to exclude the exhibits, and the deadline to object to them has long since passed.  *See* ECF No. 25 (Pretrial Order) (objections to exhibits must be raised in advance of trial).

that the Defendant was apprised of his obligation to show-up and explains that he chose not to do so.  Because it goes directly to an essential element of the offense, this evidence is clearly relevant.  Fed. R. Evid. 401.  This evidence provides proof that the Defendant's refusal to comply was deliberate and intentional.

While Defendant's assertion of executive privilege in and of itself is not an actual element of the charged offenses, as the Supreme Court has explained, it is relevant to explaining the Defendant's state of mind and telling a complete and compelling story to the jury:

> The "fair and legitimate weight" of conventional evidence showing individual thoughts and acts amounting to a crime reflects the fact that making a case with testimony and tangible things not only satisfies the formal definition of an offense, but tells a colorful story with descriptive richness. Unlike an abstract premise, whose force depends on going precisely to a particular step in a course of reasoning, a piece of evidence may address any number of separate elements, striking hard just because it shows so much at once; the account of a shooting that establishes capacity and causation may tell just as much about the triggerman's motive and intent. Evidence thus has force beyond any linear scheme of reasoning, and as its pieces come together a narrative gains momentum, with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict. This persuasive power of the concrete and particular is often essential to the capacity of jurors to satisfy the obligations that the law places on them. Jury duty is usually unsought and sometimes resisted, and it may be as difficult for one juror suddenly to face the findings that can send another human being to prison, as it is for another to hold out conscientiously for acquittal. *When a juror's duty does seem hard, the evidentiary account of what a defendant has thought and done can accomplish what no set of abstract statements ever could, not just to prove a fact but to establish its human significance*, and so to implicate the law's moral underpinnings and a juror's obligation to sit in judgment. *Thus, the prosecution may fairly seek to place its evidence before the jurors, as much to tell a story of guiltiness as to support an inference of guilt, to convince the jurors that a guilty verdict would be morally reasonable as much as to point to the discrete elements of a defendant's legal fault.*
>
> *            *            *
>
> [T]here lies the need for evidence in all its particularity to satisfy the jurors' expectations about what proper proof should be.  Some such demands they bring with them to the courthouse, assuming, for example, that a charge of using a firearm to commit an offense will be proven by introducing a gun in evidence. A prosecutor

who fails to produce one, or some good reason for his failure, has something to be concerned about. "If [jurors'] expectations are not satisfied, triers of fact may penalize the party who disappoints them by drawing a negative inference against that party." Expectations may also arise in jurors' minds simply from the experience of a trial itself. The use of witnesses to describe a train of events naturally related can raise the prospect of learning about every ingredient of that natural sequence the same way. If suddenly the prosecution presents some occurrence in the series differently, as by announcing a stipulation or admission, the effect may be like saying, "never mind what's behind the door," and jurors may well wonder what they are being kept from knowing. A party seemingly responsible for cloaking something has reason for apprehension, and the prosecution with its burden of proof may prudently demur at a defense request to interrupt the flow of evidence telling the story in the usual way.

*Old Chief v. United States*, 519 U.S. 172, 187–89 (1997) (emphasis added) (citations omitted).

Similarly, Defendant's failure to comply with any of the provisions of his subpoena (including that he provide a privilege log) is relevant to proving that his non-compliance was willful. It demonstrates that avenues of dealing with the subpoena were available to him. The Committee even pointed these avenues out to the Defendant. That Defendant chose to ignore all valid options demonstrates that his default was willful.[2]

It is true that Defendant's default on his subpoena is not excused by this assertion of executive privilege. But it does not follow from that fact, that evidence of the Defendant's assertion of executive privilege, while interacting with the Committee is irrelevant. To the

---

[2] Both cases cited by Defendant are inapposite. First, *Comm. on the Judiciary v. Miers*, 558 F. Supp. 2d 53, 107 (D.D.C. 2008), addresses whether the judicial branch – not the legislative branch – can compel the submission of a privilege log. Even more importantly, whether Defendant could be compelled to submit a privilege log is not the issue and certainly not one he raised with the Committee. Instead, the issue is that Defendant ignored all options that were offered to him; he completely ignored the subpoena, thus proving his willful default. Second, *Chavez v. Martinez*, 538 U.S. 760 (2003), addresses incriminating testimony in a noncriminal case. *Id.* at 771. But there has been no suggestion that any document called for by the subpoena implicated the Defendant's Fifth Amendment privilege against self-incrimination, nor did he at any point raise Fifth Amendment concerns with the Committee.

4

contrary, the Defendant's assertion of executive privilege and failure to comply with any aspect of his subpoena are relevant – even compelling – evidence that his default was willful.  Defendant's assertion of executive privilege shows that he did not comply with his subpoena on purpose, *i.e.* due to his beliefs regarding executive privilege.  His default was not the product of a mistake or accident.  Defendant, himself, has made this very point.  *See, e.g.*, Case 1:22-cv-01519-RDM, Document 1 Filed 05/31/22 (Civil Complaint filed by Defendant), at p. 73, ¶ 27; ("after I failed to comply with what I believed their unlawful subpoena"); at p. 73, ¶ 28 ("I had - and have – no other honorable choice than to fail to comply with the Committee's subpoena").

Defendant's arguments to the contrary are unavailing.  Defendant's states:  "Indeed, the Select Committee's own actions belie any suggestion that Dr. Navarro's assertion of executive privilege precluded his attendance at a deposition in this action. To whit, on March 2, 2023, the Select Committee's staff were prepared to proceed with Dr. Navarro's deposition and opened the record of the same."  Mot. at 5.  While his point is unclear, it is clear that Defendant's argument shows that his assertion of executive privilege is relevant to proving the willfulness of his default. As Defendant states, his assertion of privilege, did not "preclude[] his attendance at a deposition." In fact, as instructed by the Committee, he should have attended his deposition and asserted any privilege that he may have deemed appropriate at that time.  That Defendant eschewed that course is compelling evidence of the willfulness of his default.

## III.   There is No Basis to Exclude Evidence of the Defendant's Willfulness Under Rule 403.

Even if evidence of Defendant's assertion of executive privilege carried any prejudice – which it does not – it should still not be precluded.  Rule 403 precludes the admission of otherwise relevant and admissible evidence only if "its probative value is *substantially* outweighed by the

danger of unfair prejudice . . . ." Fed. R. Evid. 403 (emphasis added). Evidence regarding Defendant's assertion of executive privilege outlined above should not be excluded pursuant to Fed. R. Evid. 403 because it presents no danger of unfair prejudice.

Rule 403's definition of prejudicial evidence does not include incriminating evidence that simply prejudices Defendant's changes of acquittal:

> Prejudice alone is not sufficient to warrant exclusion under Rule 403. Virtually all evidence is prejudicial to one party or another. . . . The Advisory Committee Note (see § 403App.01[2]) explains that "unfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Unfairness may be found in any form of evidence that may cause a jury to base its decision on something other than the established propositions in the case. Prejudice is also unfair if the evidence was designed to elicit a response from the jurors that is not justified by the evidence.

2 WEINSTEIN'S FEDERAL EVIDENCE § 403.04; *see also, United States v. Noland*, 960 F.2d 1384, 1387 (8th Cir. 1992) ("In fact, no verdict could be obtained without prejudicial evidence.").

Rather, the Supreme Court has described "unfair" prejudice as "speak[ing] to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief,* 519 U.S. at 180. The D.C. Circuit has explained Rule 403's prohibition of unfairly prejudicial evidence in this way:

> Rule 403 does not provide a shield for defendants who engage in outrageous acts, permitting only the crimes of Caspar Milquetoasts to be described fully to a jury. It does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone.  It does not bar powerful, or even "prejudicial" evidence.  Instead, the Rule focuses on the "danger of unfair prejudice," and gives the court discretion to exclude evidence only if that danger "substantially outweigh[s]" the evidence's probative value. [citation omitted, alterations in original].

*United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir. 1998) (affirming admission of evidence that the defendant, charged with fraud, had placed gun in coconspirator's vagina and threatened her); *see also United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("Rule 403 'does not bar powerful, or even "prejudicial" evidence.  Instead, the Rule focuses on the "danger of unfair prejudice," and gives the court discretion to exclude evidence only if that danger "substantially outweigh[s]" the evidence's probative value.'"); *United States v. Orenuga*, 430 F.3d 1158, 1165 (D.C. Cir. 2005) (holding that the probative value of defendant's bigoted comments not substantially outweighed by unfair prejudice).

Based on these standards, Rule 403 offers no support for the Defendant's position. The Defendant offers no suggestion that the evidence he seeks to exclude could lead the jury down an alternative path of guilt or would otherwise be dangerously unfair.  It does not, for example, inject something new and prejudicial into the case, which might inflame the jury.

Further "Rule 403 'tilts, as do the rules as a whole, toward the admission of evidence in close cases.' . . . [and] 'in determining whether the probative value is *substantially* outweighed by the danger of unfair prejudice it is a sound rule that the balance should be struck in favor of admission when the evidence [as is certainly true here] indicates a close relationship to the event charged.'"  *United States v. Clarke*, 24 F.3d 257, 265-66 (D.C. Cir. 1994) (quotations and citations omitted).   Even if the Court were to conclude that evidence of Defendant's assertion of executive privilege presented some "unfair prejudice," that prejudice would not "substantially outweigh" the

evidence's great probative value.  The balancing between probative and unfairly prejudicial should lean toward inclusion.  *See, e.g., United States v. Naranjo*, 710 F.2d 1465, 1469 (10th Cir. 1983) ("Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing."); *United States v. Morris*, 79 F.3d 409, 412, (5th Cir. 1996) ("Because Rule 403 requires the exclusion of relevant evidence, it is an extraordinary measure that should be used sparingly."); *United States v. Bradley*, 145 F.3d 889, 893 (7th Cir. 1998) (Rule 403 is not a tool designed "to permit the Court to 'even out' the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none.").

As discussed above, evidence of Defendant's assertion of executive privilege is quite probative. That probative value is not substantially outweighed by any unfair prejudice.

## IV.    Conclusion.

The Defendant argues that it is "patently unfair" (Mot. at 5), for the Court to admit probative evidence for one purpose, while excluding it for another, despite the fact that such decisions are routine in criminal cases and contemplated by the rules of evidence. Here, what would be unfair – and indeed, unjust – would be the exclusion of admissible evidence, directly relevant to the charged conduct, simply because the Defendant does not like the law as it has been correctly applied. For the foregoing reasons, Defendant's motion should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/Elizabeth Aloi*
John Crabb
Elizabeth Aloi (D.C. Bar No. 1015864)
Assistant United States Attorneys
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7212 (Aloi)
elizabeth.aloi@usdoj.gov