UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 22-cr-200** |
| v. | : | |
| | : | |
| **PETER K. NAVARRO,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**PROTECTIVE ORDER AUTHORIZING DISCLOSURE
OF VIDEOTAPE FROM COURTHOUSE SECURITY CAMERAS**

This Matter comes before the Court upon the Defendant's Motion for a Protective Order pertaining to the disclosure of videotape recordings made by certain security cameras at the E. Barrett Prettyman United States Courthouse. The recordings depict the jurors in this case on September 7, 2023, at sometime between 3 pm – 4 pm, on a break from its deliberations outside the jury room while escorted by a Court Security Officer. To protect the confidential nature of Courthouse security procedures and protocols, as well as the identity of the jurors, and pursuant to the Court's inherent authority, it is ORDERED:

1. The Court will provide the security camera videotape (hereinafter the "Materials") under seal to counsel for the Government and counsel for the Defendant. The Materials shall remain under seal unless or until the Court modifies this Order.

2. The Parties shall use the Materials solely in connection with the proceedings in this case and for no other purpose.

3. Counsel for the Parties shall not disclose the Materials directly or indirectly to any person or entity other than: (a) the Defendant; (b) persons employed by the Parties for proceedings in this case; (c) persons who are interviewed as potential witnesses; and (d) other persons to whom the Court may authorize disclosure (collectively, "Authorized Persons"). Potential

witnesses and their counsel may be shown the Materials as necessary for proceedings in this case, but they may not retain copies without prior permission of the Court.

4.      The Parties shall not copy or reproduce the Materials except in connection with this case. Such copies, if any, shall be treated in the same manner as the originals. The Parties shall not disclose any notes or records of any kind that they make in relation to the contents of the Materials, and all such notes or records are to be treated in the same manner as the originals.

5.      Before providing any of the Materials to an Authorized Person, counsel for the Government or the Defendant must provide the Authorized Person with a copy of this Order and obtain agreement to comply with its terms.

6.      Upon conclusion of the proceedings in this case, all the Materials and all copies made thereof **shall be returned to the Court**, unless otherwise ordered by the Court.

7.      The restrictions set forth in this Order do not apply to Materials that are or become part of the public Court record, nor do the restrictions in this Order limit counsel for the Parties in the use of the Materials in proceedings in this case.

8.      This Order does not constitute a ruling on the question of whether the Materials are admissible in evidence and does not constitute any ruling on any potential objection to the Materials in the proceedings in this case.

_____
THE HONORABLE AMIT P. MEHTA
UNITED STATES DISTRICT JUDGE