# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) ) ) ) ) ) ) |
| v. | |
| **PETER K. NAVARRO,** | |
| Defendant. | |

Criminal No. 1:22-cr-00200-APM

**DEFENDANT PETER K. NAVARRO'S SUPPLEMENT IN SUPPORT OF RELEASE PENDING APPEAL**

"I understand I've hamstrung you dramatically." Hr'g Tr., at 291:17-18 (Sep. 5, 2023). This was the observation of the Court in summarizing the impact of its pretrial rulings on Dr. Navarro's ability to present a defense to his prosecution for contempt of Congress. As the Court observed at Dr. Navarro's sentencing: "You weren't foreclosed from presenting a *mens rea* defense because of me. You were foreclosed from presenting a *mens rea* defense because that, in my belief, is how the Circuit and Supreme Court law reads." Sentencing Tr., at 71:2-8 (Jan. 25, 2024). A plethora of legal determinations will be the subject of the appeal in this matter, but one, the application of *Licavoli v. United States*, 294 F.2d 207 (D.C. Cir. 1961), unquestionably affects the entirety of the prosecution as against Dr. Navarro.

Consider the government's summation in closing argument: "Defendant Navarro gave a reason for his non-compliance: Executive privilege. The defendant repeated the words 'executive privilege.' The Committee responded. The Committee explained why executive privilege would not excuse him from non-compliance." Trial Tr., at 637:4-11 (Sep. 7, 2023). Dr. Navarro was barred from responding to this assertion by the government in his trial. *See* Order, at 30-31 (Jan. 19, 2023) (ECF No. 68) ("The government is correct that *Licavoli* forecloses a defense premised solely on Defendant's claimed belief that President Trump's invocation of executive privilege excused his nonappearance before the Select Committee."). Indeed, as a result, Dr. Navarro specifically asked the Court to preclude the government from mentioning executive privilege at all, given his inability to explain its importance to the jury, but was denied this request. *See* Hr'g Tr., at 302 (Sep. 5, 2023) (The Court: "I mean, I recognize and appreciate it puts you in a bind, in a little bit of a bind, but it's a bind that's created by the law and what the Circuit has held and what the Supreme Court frankly has held about, you know, state of mind not being a defense of contempt.").

2

Specifically, as the Court held, "[l]ike any other person charged with a violation of § 192, Defendant cannot assert as a defense that he refused to appear because he had a good faith belief that he was not legally required to do so." Order, at 32 (Jan. 19, 2023) (ECF No. 68). Yet, the government was permitted to summarize Dr. Navarro's intent in its closing:

> Defendant Navarro thinks he does not have to play by the rules. He had contempt for the Committee's need for information about the January 6th attack. When faced with a clear decision whether to comply with a congressional subpoena or not, the defendant chose defiance. For that reason, you should find him guilty of both counts."

Trial Tr., at 642:5-10 (Sep. 7, 2023). The inability to present any meaningful defense was precisely the issue Judge Nichols flagged in his determination that Defendant Stephen K. Bannon should be released pending his appeal of his conviction pursuant to § 192. *See* Sentencing Tr., at 76:15-77:18, *United States v. Bannon*, No. 21-cr-670 (D.D.C. Oct. 21, 2022) (The Court: "I am prepared to release Mr. Bannon from his sentence of incarceration pursuant to 18 U.S. Code Section 1343, if he files a timely appeal . . . In particular, as I've noted throughout this case, there is a substantial question regarding what it should mean for a defendant to willfully make default under the contempt of Congress statute and what evidence a defendant should be permitted to introduce on that question. . . ."). *See also* Hr'g Tr., at 121:12-21, *United States v. Bannon*, No. 21-cr-670 (D.D.C. July 11, 2022) ("I do want to reiterate my concerns with the *mens rea* standard as held by *Licavoli*. Evidence regarding the reasons that Mr. Bannon did not comply with the Subpoena here, for example, because he didn't believe the Subpoena was valid or because he was – he believed he was legally excused from showing up as a result of the former President's [invocation] of executive privilege or because he relied on his lawyers' advice on these topics, these are [not] relevant to the criminal charges here and therefore inadmissible."). Here too, the limitations imposed by this Court pursuant to the Circuit's holding

in *Licavoli* alone present a "close question" or "one that could very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1988). *See also* Oral Argument, *United States v. Bannon*, No. 22-3086 (D.C. Cir. Nov. 9, 2023) (expressing skepticism that the government be permitted to preclude Mr. Bannon from "telling the jury his reasons" while also telling the jury, "he had no reasons").[1]

      Accordingly, the Court should stay Dr. Navarro's sentence pending his appeal of the applicability of *Licavoli* to assertions of executive privilege. *Licavoli*, as the Court is aware, stands for the position that, "[a]dvice of counsel does not immunize . . . a deliberate intention to do the act." 294 F.2d at 209. On appeal, the D.C. Circuit should hold that *Licavoli*'s antiquated holding is inconsistent with prior Circuit precedent, *see Townsend v. United States*, 95 F.2d 352 (D.C. Cir. 1938) ("[T]he supreme Court has also held – perhaps on the theory that willfulness is a type of specific intent – that where the crime involves willful intent, an accused may show justification by proving that he 'honestly and in good faith seeks advice of a lawyer as to what he may lawfully do . . . and fully and honestly lays all the facts before his counsel, and in good faith and honestly follows such advice, relying upon it and believing it to be correct, and only intends that his acts shall be lawful, . . . even if such advice were an inaccurate construction of the law.'" (quoting *Williamson v. United States*, 207 U.S. 425, 453 (1908)), and therefore not binding on a subsequent panel of the court. *See Irons v. Diamond*, 670 F.2d 265, 268 n.11 (D.C. Cir. 1981). Moreover, *Licavoli* is inapplicable to assertions of executive privilege, which implicate principles of separation of powers. *See Pauling v. Eastland*, 288 F.2d 126, 129 (D.C. Cir. 1960) ("If a person under indictment or under judgment of conviction is before a court and challenges

---

[1] Available at https://www.youtube.com/watch?v=-uMUFj9X2Vw, at 30:20 to 31:30.

the indictment or conviction, the court must apply the law, paying heed and giving effect, first of all, to Constitutional provisions.").

In addition, the Court has also already recognized that its determination on what constitutes a "proper" invocation of privilege was required of former President Trump was an issue of first impression for this (or any) District. *See* Hr'g Tr., at 8:19-25, 9:1-2 (Aug. 30, 2023) (ECF No. 149) ("[T]he issue of whether a president must personally invoke the presidential communications privilege remains an *open question*, and the court need not decide it now as neither party raised it below or on appeal . . . . So I want to make the record clear that this is an *open question.*" (emphasis added)). If, as Dr. Navarro has long asserted, executive privilege is presumptive, *United States v. Nixon*, 418 U.S. 683, 708 (1974) (quoting *Nixon v. Sirica*, 487 F.2d 700, 717 (D.C. Cir. 1973)), and he was therefore duty-bound not to disclose otherwise privileged information to Congress, *Comm. on the Judiciary v. McGahn*, 415 F. Supp. 3d 148, 213 n.34 (D.D.C. 2019) (The identification of sensitive information deemed subject to executive privilege by the President, "gives rise to a legal duty on the part of the aide to invoke the privilege on the President's behalf."), then the Department has now conceded his prosecution pursuant to § 192 violates the separation of powers doctrine. Hr'g Tr., at 122:11-24 (Aug. 28, 2023) (ECF No. 148). *See also Prosecution for Contempt of Congress of an Executive Branch Official Who Has Asserted a Claim of Executive Privilege*, 8 Op. O.L.C. 101, 134 (1984) ("Olson Opinion") ("[T]he separation of powers principles that underlie the doctrine of executive privilege also would preclude an application of the contempt of Congress statute o punish officials for aiding the President in asserting his constitutional privilege."). Accordingly, the question of whether an invocation of executive privilege is required, and what is required for

a "proper" invocation are both "close questions" or questions "that could very well could be decided the other way." *Perholtz*, 836 F.2d at 555.

    The prosecution of Dr. Navarro for refusing to provide documents to the Select Committee before a formal determination had been made as to the applicability of any privilege similarly implicates separation of powers principles. Whether such documents were privileged is not a determination that could have been made either by Dr. Navarro or the Select Committee, but only by the Judiciary. *See Nixon v. Sirica*, 487 F.2d 700, 715 (D.C. Cir. 1973) ("That the privilege is being asserted by the President against a grand jury does not make the task of resolving the conflicting claims any less judicial in nature. Throughout our history, there have frequently been conflicts between independent organs of the federal government, as well as between the state and federal governments. When such conflicts arise in justiciable cases, our constitutional system provides a means for resolving them – one Supreme Court."). To that end, even the Justice Department now concedes, "[t]he United States does not know whether [Dr. Navarro] has withheld emails on the basis that they involve work [Dr. Navarro] undertook in his personal capacity, nor does it know how [Dr. Navarro] would define the contours of work conducted in his personal, as opposed to official, capacity," and instead insinuated that only a document by document review of such records would confirm whether they were official records, and thus potentially protected by executive privilege. Brief, at 4, *United States v. Navarro*, No. 22-cv-2292 (D.D.C. Dec. 29, 2023) (ECF No. 35). This position is consistent with the Department's observation – 40 years ago – that, "[t]he United States Court of Appeals or the District of Columbia Circuit has stated on several occasions that criminal contempt proceedings are an inappropriate means for resolving document disputes, especially when they involve another governmental entity." Olson Opinion, at 133 (citing *Tobin v. United States*, 306

F.2d 270, 276 (D.C. Cir.), *cert. denied*, 371 U.S. 902 (1962) ("Especially where the contest is between different governmental units, the representatives of one unit in conflict with another should not have to risk jail to vindicate his constituency's rights.")).

      Finally, given that the Court has decided an issue of first impression and concluded that Dr. Navarro relied upon, at best, an improperly perceived invocation of executive privilege, whether the rule of lenity precluded Dr. Navarro's prosecution presents a "close question" warranting Dr. Navarro's release pending his appeal. Although the rule of lenity pertains to statutory interpretation, *see Muscarello v. United States*, 524 U.S. 125 139 (1998), it is not limited only to cases where a statute's plain language suffers from "grievous ambiguity or uncertainty," but rather where, "after seizing *everything* from which aid can be derived," the Court can make, "no more than a guess as to what Congress intended." *Reno v. Koray*, 515 U.S. 50, 64 (1995). Here, it is patently unclear that Congress intended to punish senior presidential advisors who in good faith refused to comply with a congressional subpoena based on a good faith belief they were duty-bound to assert executive privilege.

[SIGNATURE ON NEXT PAGE]

Dated: February 1, 2024                    Respectfully Submitted,

                                                  E&W Law, LLC

                                                        /s/ John S. Irving
                                                John S. Irving (D.C. Bar No. 460068)
                                                1455 Pennsylvania Avenue, N.W., Suite 400
                                                Washington, D.C. 20004
                                                Telephone: (301) 807-5670
                                                Email: john.irving@earthandwatergroup.com

                                                SECIL LAW PLLC

                                                      /s/ John P. Rowley, III
                                                John P. Rowley, III (D.C. Bar No. 392629)
                                                1701 Pennsylvania Ave., N.W., Suite 200
                                                Washington, D.C. 20006
                                                Telephone: (703) 417-8652
                                                Email: jrowley@secillaw.com

                                                Brand Woodward Law, LP

                                                    */s/ Stanley E. Woodward, Jr.*
                                                Stan M. Brand (D.C. Bar No. 213082)
                                                Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                                400 5th Street NW, Suite 350
                                                Washington, DC  20001
                                                202-996-7447 (telephone)
                                                202-996-0113 (facsimile)
                                                Stanley@BrandWoodwardLaw.com

                                                *Counsel for Dr. Peter K. Navarro*

## CERTIFICATE OF SERVICE

On February 1, 2024, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.   .

Respectfully submitted,

*s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
400 Fifth Street Northwest, Suite 350
Washington, DC  20001
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Dr. Peter K. Navarro*