# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | Case No. 22-cr-200 (APM) |
| **PETER K. NAVARRO,** | ) ) ) | |
| **Defendant.** | ) ) | |

## AMENDED ORDER

On January 25, 2024, this court sentenced Defendant Peter K. Navarro to concurrent sentences of four months following his convictions for two counts of contempt of Congress, 2 U.S.C. § 192. The court imposed no term of supervised release. Defendant now makes an unusual request. He asks the court to *add* 30 days of supervised release to his original sentence pursuant to 18 U.S.C. § 3582, so that he can secure early release based on time credits earned under the First Step Act through his participation in prison programming. Def.'s Emergency Mot. for Resentencing, ECF No. 175 [hereinafter Def.'s Mot]. The court denies Defendant's motion for two reasons.

*First*, § 3582 does not authorize what Defendant seeks. It provides that a court, under certain circumstances, "may reduce the term of imprisonment (and may impose a term of . . . supervised release . . . that does not exceed the unserved portion of the original term of imprisonment)[.]" 18 U.S.C. § 3582(c)(1)(A). Section 3582 thus allows a court to impose a term of supervised release but only after it first *reduces* the original sentence. Defendant does not ask the court to reduce his original sentence; instead, he wants the court to tack on an additional 30 days of supervised release. Def.'s Mot. at 7. Section 3582 does not permit the court to do so.

Defendant points to single a trial court decision from the District of New Hampshire, *United States v. Oprea*, as having "concluded [that] the spirit of the First Step Act requires" the interpretation of § 3582 that he advances. Def.'s Mot. at 6 (citing *Oprea*, No. 11-cr-64 (SM), 2023 WL 6958690 (D.N.H. Oct. 20, 2023)). But Defendant misreads *Oprea*. There, the court recognized that it could *not* add a period of supervised release under § 3582 unless it also reduced the defendant's sentence. *Oprea*, 2023 WL 6958690, at *2 (observing that "it is likely that the relief Oprea seeks (i.e., solely an augmentation of his sentence) may not be permissible under 18 U.S.C. § 3582"). To conform to § 3582, the court reduced the defendant's original sentence by one month in addition to imposing a one-year term of supervised release, so that the defendant might benefit from First Step Act time credits. *See id.* at *4. As noted, Defendant here does not ask the court to reduce his original four-month sentence.[1]

*Second*, even if § 3582 permitted the relief that Defendant seeks, the court would deny it. Section 3582 authorizes a court to modify a sentence only if, "after considering the factors set forth in section 3553(a) to the extent they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Defendant's desire to shorten his prison time through First Step Act credits does not, at least in this case, constitute an "extraordinary and compelling" reason to modify his sentence. *See United States v. Jenkins*, 50 F.4th 1185, 1197 (D.C. Cir. 2022) (stating that an "extraordinary" reason must be "far from common" and "having little or no precedent," and a "compelling" reason to be "both powerful and convincing") (internal quotation marks and citation omitted).

---

[1] *Oprea* is also inapposite on the facts. There, the defendant was sentenced to serve 180 months and, because he was a citizen of Romania, he would be deported upon completing his sentence. *Oprea*, 2023 WL 6958690, at *1. The court observed that, "but for Oprea's likely deportation, the court would have originally sentenced him to a significant period of supervision." *Id.* at *4. As discussed below, this court never intended to sentence Defendant to any period of supervised release.

2

At the time of sentencing, the court was aware that imposing a term of supervised release was discretionary. *See* Presentence Investigation Report, ECF No. 156, ¶ 97; 18 U.S.C. § 3583(a). Although the court did not say it then (in part because Defendant never made the request), it will say it now: the statutory factors under § 3583(c) do not warrant the imposition of a term of supervised release. The nature and circumstances of Defendant's contemptuous conduct, Sentencing Hr'g Tr., ECF No. 173 [hereinafter Sentencing Tr.], at 78–91, and the need to deter others from doing the same, *id.* at 76, weigh heavily against including any period of supervision that would allow Defendant to shorten his term of imprisonment. 18 U.S.C. § 3583(c); U.S.S.G. § 5D1.1, n.3. So, too, does the need to avoid unwarranted disparities. Sentencing Tr. at 76–78. Stephen Bannon, Defendant's closest comparator, was also convicted of two counts of contempt of Congress and received an aggregate four-month sentence *without* a term of supervised release. Judgment, *United States v. Bannon*, 21-cr-670 (CJN), ECF No. 161. He did not get the benefit Defendant requests. And, given Defendant's history and characteristics, Sentencing Tr. at 74–75, a term of supervised release is not needed to support his re-entry to the community.

In sum, a four-month prison term without supervised release was warranted at the time of Defendant's sentencing, and it remains warranted now. Accordingly, Defendant's motion is denied.

Dated: May 20, 2024

Amit P. Mehta
United States District Court Judge